BAUER and another, Respondents, vs. BAIIR, Defendant:
KAISER and another, Appellants.

*February 13—March 10, 1942.*

*Clayton J. Crooks* of Wausau, for the appellants.

For the respondents there was a brief by *E. P. Gorman* of Wausau, attorney for John J. Bauer, and *J. B. Allen* of Marshfield, attorney for Marvin Troxel, and oral argument by *Mr. Gorman.*

ROSENBERRY, C. J.   Highway No. 97 runs north and south.   Arnold Kaiser, defendant, lives on the west side of that highway.   Al. Kaiser lives on the east side of the same highway sixty rods to the south.   About 1 :30 in the afternoon of December 14, 1940, the defendant Kaiser drove out of his driveway and proceeded to the south with the intention of stopping at the Al. Kaiser place.   As he approached the Al. Kaiser place two cars were coming from the south and were so close to him that he concluded he could not make a left turn into Al. Kaiser's place.   He was traveling about twenty miles per hour, and in a distance of about eighty to eighty-five feet brought his car to a stop just north of Al. Kaiser's driveway so he could turn in and on his own west side of the highway.   The defendant Bahr was driving in her car southerly following the defendant Kaiser.   She was traveling about twenty-five or thirty miles per hour.   She was well acquainted with the neighborhood, observed that the defendant Kaiser was bringing his car to a stop, turned out to pass him but saw the first of the cars approaching from the south.   She then returned to her place on the west or her right lane, two or

three car lengths behind the Kaiser car. When she turned out she did not see the second car. She assumed that Kaiser was waiting for her to go by and turned into the east lane without observing the second car coming from the south. A collision took place a little to the rear of the Kaiser car. The jury found Mrs. Bahr negligent as to lookout and control of her automobile and in respect to passing the Kaiser automobile as she did. No question is raised as to her liability. The jury found the defendant Kaiser negligent in failing to leave fifteen feet unobstructed width in the roadway of the highway opposite his standing vehicle and by failing to give a warning of his intention to stop.

Upon this appeal the defendant Kaiser contends that the evidence fails to sustain the finding that the defendant Kaiser was negligent in any respect. Both Bauer and Troxel testify as to the position of the defendant Kaiser's car, and there is no claim that the car in which they were riding came in contact in any way with the Kaiser car.

The court instructed the jury with respect to the duty of a traveler intending to make a left turn into a private highway. Sec. 85.17 (2), Stats., provides:

"The operator of a vehicle intending to turn to the left at an intersection or into a private highway shall make such turn from the traffic lane immediately to the right of and next to the center of the highway and shall pass immediately to the left of the center of the intersection, passing as closely as practicable to the left of the center of the intersection, and shall leave the intersection immediately to the right of the center of the intersecting highway."

Sec. 85.18 (5), Stats., provides:

"The operator of a vehicle within an intersection intending to turn to the left across the path of any vehicle approaching from the opposite direction, may make such left turn where it is permitted only after affording a reasonable opportunity to the operator of such vehicle to avoid a collision."

In view of the provisions of these statutes we are unable to understand upon what theory the trial court instructed the jury with respect to the duty of a traveler to leave fifteen feet of clear and unobstructed roadway when he parks, stops, or leaves standing his car. It is perfectly clear from the undisputed facts in this case that Kaiser was not stopping or parking his car within the meaning of sec. 85.10 (30), Stats. That section provides:

"The stopping or standing of a vehicle, whether occupied or not, upon a highway otherwise than (a) temporarily for the purpose of and while actually engaged in loading or unloading, (b) when making necessary repairs, or (c) in obedience to traffic regulations or official traffic signs or signals."

Nor does this case involve a sudden stopping without signal so as to involve a following car. Kaiser saw the cars approaching from the south and testified they were too close for him to make a turn in safety. The first car which passed the Kaiser car was unidentified. The car driven by Troxel in which Bauer was riding was proceeding north at the rate of about twenty-five or thirty miles per hour. All of the witnesses agree that the Kaiser car gradually came to a stop. Mrs. Bahr testifies that she observed that the Kaiser car was coming to a stop. For that reason she slowed down, could have stopped at any time, did stop within two or three car lengths of the Kaiser car. Kaiser testifies that he did not observe the Bahr car approaching from his rear, but according to all the testimony that had nothing to do with the accident. Mrs. Bahr says that he made no signal and for that reason thought he was waiting for her to go around. The cars coming from the south were so close that if Kaiser had made a signal for a left turn he would have probably misled the drivers of those cars and so been the legal cause of a collision. He did not need to make a signal to let Mrs. Bahr know he was stopping, she knew that. According to her own testimony, Mrs. Bahr knew or thought she knew that he intended to stop at the

Al. Kaiser place. It is too plain to require argument or demonstration that the sole cause of this accident was Mrs. Bahr's failure to comply with the statutory rule which required her to ascertain before attempting to pass a car, that the left side of the roadway was clear so that the passing could be made in safety. She says she does not remember that she turned out and then turned back into her own lane of travel. Bauer and Troxel claim that she did and so testified. This she does not deny. She must have been entirely oblivious of her surroundings. So far as we can see there is absolutely nothing that Kaiser could do that he did not do to comply with the law. He was intending to make a left turn. He was required to stay next to the center line and make the turn to the left of the intersection. There is no statutory rule which required him under the circumstances to leave anything but the east or left lane of traffic free for the passage of oncoming vehicles meeting him. Such an interpretation as was placed upon the parking statute in this case would make one who stopped for a red light guilty of negligence if he did not leave the requisite fifteen feet of clear space. Under the court's interpretation of these statutes Kaiser was bound to be negligent no matter what he did. The error in the instructions and in submitting questions as to Kaiser's negligence to the jury is plainly evident.

*By the Court.*—In each case so much of the judgment appealed from is reversed, with directions to dismiss the complaint as to the appealing defendants.