**MOORE v. COX.**

No. 14988.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 19, 1948.

Seaberry & Hagman and Borden Seaberry, all of Weatherford, for appellant.

Frank E. Fulgham and Jack Borden, both of Weatherford, for appellee.

HALL, Justice.

Appellee, W. L. Cox, dba Yellow Top Taxi Cab Company, filed his petition for injunction in the District Court of Parker County, Texas on June 18, 1948, seeking to restrain Walter Moore, dba Weatherford Taxi Company, in the City of Weatherford, Parker County, Texas, from unlawfully operating taxis in competition, alleging, as a cause of action, that he was the owner of said Yellow Top Taxi Cab Company and had complied with all city ordinances relative to operating taxicabs within the confines of said city; that he had expended the sum of $20,000 in pursuance to his business; that the defendant (appellant here) was and is unlawfully operating taxicabs for hire within the confines of the city limits of the City of Weatherford without having first complied with the provisions of said city ordinances regulating such taxicab business, and by reason thereof such unlawful operation by appellant results in loss of appellee's business in the sum of $25 daily; that unless appellant is restrained from such illegal operation appellee will continue to suffer irreparable damage, etc.

The District Court, in chambers, granted a temporary restraining order; upon a hearing, such temporary restraining order was made permanent against appellant, who submits five points of error for this court's consideration.

We shall discuss points 1 and 2 conjunctively, since they contain similar objections to the court's action in perpetuating said injunction. They are: first, because appellee possesses an adequate remedy at law to enforce said city ordinance by and through its penal provisions; and second, that since appellee's authority to operate is not exclusive, he does not have property rights sufficient to sustain an injunction.

█ Our courts have many times determined both of these propositions against appellant's contentions. Tugwell et al. v. Eagle Pass Ferry Co., 74 Tex. 480, 9 S.W. 120; Texas Motor Coaches Inc. v. Railroad Commission et al., Tex.Civ.App., 41 S.W.2d 1074; Eldridge et al. v. Fort Worth Transit Co. et al., Tex.Civ.App., 136 S.W.2d 955, writ dismissed, judgment correct; Sunset Express Inc. v. Gulf C. & S. F. Ry. Co. et al., Tex.Civ.App., 154 S.W.2d 860, writ refused, W M; Beene et al. v. Bryant et al., Tex.Civ.App., 201 S.W.2d 268; West et al. v. City of Waco et al., 116 Tex. 472, 294 S.W. 832; Hexter Title and Abstract Co., Inc., v. Grievance Committee, Fifth Congressional District, State Bar of Texas et al., 142 Tex. 506, 179 S.W.2d 946, 157 A.L. R. 268.

Appellant's points 1 and 2 are overruled.

█ Appellant, having had his application for operating taxicabs refused by the city officials, is here qualified to attack the validity of the ordinance under which he is restrained. See Beene et al. v. Bryant et al., supra. He therefore challenges said ordinance's validity in his points 3, 4 and 5, thus: (1) that the city ordinance under which the injunction was granted is invalid because it violates the due process clause of the constitution in that it neither provides for a notice of hearing nor for a hearing; (2) that said city ordinance is invalid in its entirety because it invests within the city officials an exclusive right to interpret said ordinance and to enforce the same, violating the state and federal constitution, inasmuch as it attempts to perform all duties of the three governmental departments; and (3) such city or-

dinance is invalid in its entirety for the reason there is a charge of $10 per cab assessed as a license and rental charge for the use of the streets by taxicabs, contrary to Article 6698, Revised Civil Statutes of Texas, 1925, Vernon's Ann.Civ.St. Art. 6698.

We shall discuss the last point briefly to the extent that said city ordinance under question has a saving clause providing in effect that if any section of said ordinance shall be held invalid for any reason, such invalidity shall not affect the validity of the remaining sections of said ordinance. Section 7 of said ordinance provides, among other things, that before a permit may be issued the permittee shall pay to the city secretary a fee in the sum of $10 for each motor vehicle to be used.

Article 6698 prior to its amendment in 1947 did not provide for cities to make a charge for the issuing of permits to operators of motor vehicles for transporting passengers for hire. Such a charge was held unlawful by the Supreme Court in Payne v. Massey, Sup., 196 S.W.2d 493; Crow et al. v. City of Corpus Christi, Sup., 209 S.W.2d 922; Boone et al. v. City of Tyler, Tex.Civ.App., 211 S.W.2d 761, writ refused NRE.

The 1947 amendment to Article 6698 provides in part as follows: "* * * Nothing herein shall in anywise authorize or empower any county or incorporated city or town in this state to levy and collect any occupation tax or license fees on motorcycles, motor vehicles or motor trucks; provided that such cities or towns are hereby authorized and empowered to levy and collect a city permit fee, not to exceed two (2%) per cent of the gross receipts· per annum, for the operation of each motor vehicle transporting passengers for hire or a street rental charge based upon gross receipts, not to exceed two (2%) per cent per annum, for the operation of motor vehicles transporting passengers for hire, other than motor vehicles operating under a permit or certificate of the Railroad Commission of the State of Texas or the Interstate Commerce Commission; * * *."

■ We note the provision allowing for the charge in section 7 of the ordinance in question is based upon a stipulated and arbitrary amount rather than upon the percentage basis as provided by the amendment; to this extent we find said portion of section 7 invalid; however, such invalidity of said portion of section 7 does not relieve appellant from the restraints of the court's injunction due to the saving clause mentioned supra. 30 Tex.Jur., p. 306, sec. 169; Berry et al. v. City of Fort Worth et al., 132 Tex. 599, 124 S.W.2d 842.

■ As to the other two points raised, it is noted that the City of Weatherford is operating under the home rule as provided by statute as well as the constitution; under both, the power is delegated cities to regulate and control operation of motor vehicles, such as taxis, and it has been held many times that an individual does not have the right to use the streets of a city for the prosecution of his private business when said city desires to prohibit or regulate the same for the best interest of the public good. See Greene v. City of San Antonio et al., Tex.Civ.App., 178 S.W. 6; West et al. v. City of Waco et al., supra; Fletcher et al. v. Bordelon et al., Tex.Civ.App., 56 S.W.2d 313, writ refused; Beene et al. v. Bryant et al., supra.

■ A reasonable construction should be given to city ordinances when they are not repugnant to common sense, and in passing upon same, due regard must be given to the substance and legal effect thereof rather than to form, and all reasonable doubts should be resolved in favor of its validity. If an ordinance is susceptible to two constructions, one being valid and the other being invalid, the courts will adopt the construction rendering said ordinance valid. 43 C.J. 570.

■ Appellant complains because the city refused his application without a hearing on the question of convenience or necessity existing for an additional taxi company; while it may be that the city officials did not act correctly in refusing his application, and/or in refusing him a hearing, if they did, yet such question is not before us for determination. In the case at bar, the trial court found that appellant was unlawfully operating taxis in the City of Weatherford to the injury of appellee, hence the

issuing of the permanent injunction, the authority for which the record supports.

Referring back to the objection raised by appellant to the effect that the ordinance does not provide for a notice of the hearing nor for a public hearing on the subject, we note that section 3 of the ordinance provides that an applicant shall file with the city secretary his application for a permit to conduct a taxicab business in said city, giving the number of automobiles to be used, the name of the firm, etc. Section No. 5 provides as follows: "It shall be the duty of the City Secretary when an application for a permit is filed with him, at the next regular meeting of the City Commission following the filing of such application to call the attention of the City Commission thereto; and upon consideration of such application, the City Commission may grant or refuse such permit, as in their discretion may seem to the best interest of the citizenship of the City of Weatherford, and the public in general."

 Construing said paragraph in the light most favorable to it, we find that the City Commission has a right to refuse to issue a permit or license for the use of their streets by taxicabs, provided such City Commission does not wilfully, arbitrarily or capriciously deny any person a right to use such streets for said purpose. The power granted to cities to control the use of said streets is an administrative one which is always subject to review by the courts of this state (unless otherwise prohibited by statute), and such right of review is indicated by the Supreme Court in the Payne case, supra [196 S.W.2d 496], wherein said court holds the following: " * * * The other portions of the ordinance are apparently enforceable, even to the extent that the city may reasonably, but not arbitrarily, refuse to issue a license for the use of the streets by taxicabs."

As stated above, the question of whether or not the city acted capriciously or arbitrarily in refusing appellant's permit is not before us at this time, but only the validity of the ordinance and the authority of the court to issue the injunction.

We find that under section 5 appellant is notified of the hearing on the application or by reasonable diligence he could have informed himself as to when the next regular meeting of the City Commission would be held. Said section 5 does not give the City Commission an unbridled authority to act as it may see fit, but said City Commission under said section is required to give due consideration to appellant's application and after such due consideration has been given it may in its discretion refuse such permit, if that consideration reflects to them that it is for the best interest of the citizenry of the City of Weatherford that said permit be refused. We therefore do not find that appellant has been deprived of due process.

Judgment of the trial court is affirmed.