STATE OF MISSOURI, at the Relation of THE POLICE RETIREMENT SYSTEM OF THE CITY OF ST. LOUIS, a Corporation, Relator, v. DAVID J. MURPHY, Judge of the Circuit Court of the City of St. Louis, Presiding in Division No. 1 Thereof, Respondent, No. 41555—224 S. W. (2d) 68.

Court en Banc, November 14, 1949.

*James E. Crowe,* City Counselor, and *Charles J. Dolan,* Associate City Counselor, for relator.

856

*Joseph N. Hassett* and *Leo F. Laughren* for respondent.

DOUGLAS, J.—This proceeding in prohibition questions the jurisdiction of the Circuit Court of the City of St. Louis to entertain an original and independent action to recover benefits from the Police Retirement System of the City of St. Louis. The plaintiff in such action is the widow and beneficiary of a policeman who, at the time of his death, was in active service and a member of the retirement system. Upon the death of such a member a beneficiary is entitled to an ordinary death benefit, and under certain conditions to an additional accidental death benefit. Whether the widow is entitled to the latter appears to be the real issue in controversy.

In considering whether the circuit court has original jurisdiction to determine a case seeking to recover benefits under the system we must consider the act setting up the system as enacted in 1929 and subsequently amended in 1939. Secs. 9464-76, R. S. 1939, Mo. RSA.

The act vests the general administration and the responsibility for the proper operation of the system in a board of seven trustees. Under the original act the powers granted to the board were in general terms. The board was directed by the act merely to establish rules and regulations for the administration of its funds and for the transaction of its business. Sec. 8910 (6) R. S. 1929. The character of the board's jurisdiction over claims for benefits under these general terms was considered in State ex rel. Lambert v. O'Malley, 234 Mo. App. 773, 121 S. W. (2d) 228, a well reasoned opinion by Commissioner Bennick. The question raised in that case was whether the act vested the board of trustees with sole and exclusive jurisdiction to determine claims for benefits. That question arose from the filing of a suit in the circuit court by a policeman seeking to recover accident disability re-

858

tirement allowances which the board had denied him. The board brought prohibition to prevent the circuit court from determining the case for lack of jurisdiction on the ground the board had exclusive and final authority over claims. The act then had no provision for a review of a decision of the board. The court of appeals found that the absence of such a provision indicated that the act did not intend the board's findings should be final. Accordingly, the court of appeals held the board's decisions were not final and conclusive, and that a member of the retirement system could properly resort to the circuit court for a trial anew of his claim. If such was the present state of the law the question before us would be settled.

However, after the court of appeals' decision holding the circuit court's original jurisdiction could be properly invoked in suits for benefits, the act was amended by the legislature. The provision granting the general powers, above mentioned, was repealed and a new provision granting specific powers was substituted, as follows: "(6) The board of trustees shall have exclusive original jurisdiction in all matters relating to or affecting the funds herein provided for, including, in addition to all other matters, all claims for annuities, benefits, refunds or pensions under this Act, and its action, decision or determination in any matter shall be reviewable by the common law writ of certiorari only, and any party to such certiorari proceedings shall have a right of appeal from the decision of the reviewing court. Subject to the limitations of this article, the board of trustees shall, from time to time, establish rules and regulations for the administration of funds created by this article, for the transaction of its business, and for the limitation of the time within which claims may be filed." Laws 1939, p. 619. This provision is now Section 9468 (6), R. S. 1939, Mo. RSA.

Thus we find the Amendment of 1939 has vested the board with exclusive original jurisdiction over all claims arising under the act. It has provided for review of the board's decisions by the common law writ of certiorari only, with right of appeal from the reviewing court. By this amendment the legislature confined original jurisdiction over the allowance of claims within the board itself, and thereby ousted the circuit court from further exercising its original jurisdiction over such claims. Under the amendment the circuit court may act only as a reviewing court, and may not try such claims anew.

The amendment also had the effect of removing any doubt about the kind of administrative agency the board is intended to be. It is clearly a quasi-judicial tribunal, one authorized upon a hearing to find and determine fact issues. When the amendment is read together with Section 9469 (9) R. S. 1939, Mo. RSA this conclusion is clearly warranted. The latter section reads: "Accidental death-benefit: Upon the receipt by the board of trustees of proper proofs of the death of a member in service there shall be paid to his designated beneficiary, or to his estate, the amount of his accumulated contributions

and if, upon the receipt of evidence and proof that such death was the natural and proximate result of an accident occurring at some definite time and place while the member was in the actual performance of duty, the board of trustees shall decide that death was the result of an accident in the performance of duty and not caused by negligence on the part of the member, there shall be paid in lieu of the ordinary death benefit provided in subsection (8), paragraph (b) above a pension of one-half of the average final compensation of such employee: . . .''

So we find that specific and exclusive authority is granted to the board for the original determination of all claims. This authority necessarily includes the power and imposes the duty on the board to hold hearings and to receive evidence and proof. The duty to receive evidence and proof is specifically imposed in deciding claims for accidental death benefits. It follows, of course, the board must decide such issues of fact as are necessary for the proper determination of claims.

Under this state of the law we have these facts as shown in respondent's return. On August 10, 1941 Patrolman Poehler collapsed while directing traffic at a street intersection, and died about a half hour later. He was a member of the retirement system and had designated his wife as beneficiary. She filed her claim and proofs of death. At a special meeting of the board her claim for accidental death benefits was considered. The family doctor appeared as a witness for claimant. Members of the system's medical board also testified. The question apparently was whether the patrolman died of heat prostration, an accident in the performance of his duty. The board denied the claim for accidental death benefits by a vote of 4 to 3.

Thereafter, at claimant's request, the board granted her a general hearing on her claim for the same benefits. Witnesses appeared, including the claimant, who was advised of her right to counsel. The testimony was reduced to narrative form and transcribed by the board's secretary. The claim was again denied.

Then on May 26, 1943 the claimant filed suit in the circuit court. She sought judgment for accidental death benefits and also for the accumulated contributions which had been paid into the system by her husband. After a demurrer was overruled and the circuit court was about to proceed with trial, we issued our provisional rule in prohibition at the instance of the retirement system.

The chief contention is made here that the circuit court is necessarily vested with original jurisdiction to try the claimant's demand because the retirement act vesting exclusive original jurisdiction in the board has denied her due process and is therefore unconstitutional. Certainly claimant cannot be deprived of her right to benefits allowed under the act without being accorded due process of law. But in support of the contention that claimant was denied due

860

process, it is argued that the act itself does not in exact words provide for a hearing, and does not in exact words authorize the board to summon witnesses and administer oaths. But this contention may not be now properly raised under the facts of this case. The claimant did have a hearing before the board. She did have her witnesses appear and testify. She makes no complaint about the hearing, about absence of witnessess or about the truth of the testimony. She avers no injury resulting from the alleged deficiencies in the act.

The rule is well settled that a person may not urge the unconstitutionality of a statute in the absence of showing injury. A person may question the constitutionality of statute only when it is applied to his disadvantage.

Accordingly, we hold that since claimant has shown no disadvantage or injury from her complaints about the act, she may not now question its constitutionality in this proceeding. Other complaints about the act are made but are not well founded under the clear meaning of the act as amended.

While the act as amended has limited the circuit court's jurisdiction over claims for benefits to review by common law certiorari only, still we might point out at this time that such provision for review has been changed by the Constitution of 1945 and the legislation enacted pursuant thereto. We do this even though such change does not affect this claim which was heard and determined by the board long before the new provisions became effective. We are not dealing here with a proceeding to review but with a suit seeking a trial anew.

The board is one of the administrative bodies which is included within the terms of the constitutional provision, and the administrative procedure act which became effective on July 1, 1946. Laws 1945, p. 1504.

Article V, Section 22, Constitution 1945 provides: "All final decisions, findings, rules and orders of any administrative officer or body existing under the Constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record."

When the board determines, for example, whether it must grant an accidental death benefit it is acting as an administrative body and is making a quasi-judicial decision.

Furthermore, it is a decision which affects private rights. What was said about the allowance of retirement benefits in State ex rel. Lambert v. O'Malley is equally applicable to accidental death benefits. All such benefits flow from private rights created by the act, and not as gratuities from the board. In fact the funds from which bene-

fits are paid are collected in part from contributions made by the members, and are supplemented by appropriations from the city's funds. In State ex rel. King v. Board of Trustees, 192 Mo. App. 583, 184 S. W. 929, which dealt with a firemen's pension fund collected in the same manner, the court indicated that a fireman had a "quasi property right" in the fund subject to the terms of the law providing for the pension.

We are conversant with the principle consistently announced in a long line of decisions that a beneficiary ordinarily has no vested rights in a public pension fund as against the state, even though he has contributed to the fund. This doctrine has been invoked to permit· the legislature to repeal or modify the pension law on the theory that pensions paid from such public funds are gratuities. But that is not the situation we have here. We are now concerned with the rights of a beneficiary to recover a benefit provided by law asserted against the board which administers the fund. Our question concerns the enforcement of a private right under administrative procedure, it is not a question of the superiority of the state's sovereign power. In this situation it has been held that a beneficiary under a pension fund collected in a manner similar to the one we are considering is vested with substantial rights which the board may not deny to him without due process of law. Stevens v. Minneapolis Fire Department Relief Assn., 124 Minn. 381, 145 N. W. 35, 50 LRA (NS) 1018. ·

We find a pertinent statement in 40 Am. Jur. Pensions, § 24: "Furthermore, while the right of a person in a pension fund is not such as to prevent the legislature from repealing the statute although such a person has contributed to the fund, still, so long as the fund exists and the law is unrepealed, he cannot be deprived of his right therein without due process of law, that is, a notice and opportunity to appear and be heard in defense of his right. To that extent, one who has contributed to a part of the fund has a vested right which the courts will not permit those having control of the fund to deprive him of arbitrarily."

We hold the police retirement act confers upon a beneficiary legal rights in the pension fund which the board may not ██ deny without due process of law, and that such rights are "private rights" within the meaning of Article V, Section 22.

Section 10 of the administrative procedure act (Laws 1945, 1. c. 1507) provides for judicial review of final decisions in contested cases "unless some other provision for judicial review is provided by statute." While the retirement act provides the board's decisions "shall be reviewable by the common law writ of certiorari only", we hold this provision is now nullified by Article V, Section 22 which in certain cases requires judicial review to include the determination whether an agency's decision is "supported by competent and substantial evidence upon the whole record."

Common law certiorari does not bring the whole record, as that term is generally understood, to the reviewing court. Its chief purpose is to confine an inferior tribunal within jurisdictional limits. It presents questions of law. It does not permit the consideration of evidence or issues of fact. In its strict application it does not transmit the transcript of the evidence to the reviewing court. It is a remedy narrow in its scope and inflexible in its character. See the comprehensive discussion on this subject in State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 139 S. W. (2d) 958.

Hence, the provision in the retirement act for review by common law certiorari is repugnant to the requirements of Article V, Section 22, requiring in certain cases a consideration of the evidence. We do not have here the same situation we had in Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S. W. (2d) 647 where we held Article V, Section 22 extended the review already provided by statute in workmen's compensation cases. Here the act is inconsistent with the constitutional provision. Section 2 of the Schedule of the 1945 Constitution provides that laws inconsistent with the Constitution should remain in force only until July 1, 1946. Since that date this inconsistent provision of the retirement act has not been in force, and judicial review of the board's decisions has been governed by the requirements of Section 10 of the administrative procedure act. That section provides the broader type of review contemplated by the Constitutional mandate.

Turning back to the case before us, it is not clear whether the board has paid claimant the ordinary death benefit which includes the accumulated contributions. Claimant's right to this benefit seems to be undisputed and if it has not been paid her it should be without further delay. But the circuit court has no original jurisdiction over that demand just as it has none over the demand for accidental death benefits.

For reasons stated, our provisional rule in prohibition heretofore issued should be made absolute.

It is so ordered. All concur.