John A. JANSSEN, Individually and as Next Friend of Donald J. Janssen, a Minor, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 13407.

Court of Civil Appeals of Texas. San Antonio.

March 4, 1959.

Rehearing Denied April 1, 1959.

Elwood Gaus, Yoakum, for appellant.

Will Wilson, Atty. Gen., Tom I. McFarling, Jot H. Hodges, Jr., Asst. Attys. Gen., for appellee.

POPE, Justice.

This is an appeal from an order of the County Judge of DeWitt County affirming the orders of the Department of Public Safety which suspended Donald J. Janssen's operator's license and John A. Janssen's motor vehicle registrations. Donald is the minor son of John A. Janssen and he was driving his father's pick-up truck, with the father riding as a passenger, on September 11, 1957. They were hauling a trailer, and the father told his son to stop so he could check the trailer hitch. They saw another car approaching, so the father got back into the truck and told his son to pull over to the side. The son pulled over to the side until the right-hand side of the truck was so close to a fence that the door would not open. Even so, one-fourth the width of the truck was on the gravel road and the oncoming car ran into the pick-up. After a hearing, the Department ordered the operator's license and registrations suspended. The Janssens appealed to the County Court and obtained a stay order. They contend that at the time the accident occurred they were "legally parked" under the terms of Sec. 6, subd. 2, Article 6701h. Upon the trial in the County Court the judge submitted a single special issue—whether the motor vehicle was parked at the time of the collision. The jury found that it was not parked. The County Court, upon the basis of that jury answer, also suspended the license and registrations.

By this appeal from the County Court, the Janssens complain that the County Court erred because they were denied a trial de novo within the meaning of Sec. 2(c) of Article 6701h, and because the court refused to define the term "parked" in the one special issue submitted.

The statute is explicit in its requirement that an appeal from a Department order must be a de novo appeal. It states what the Legislators meant by the term de novo, saying:

"(c) Trial in the court shall be de novo, with the burden of proof upon the Department, and the substantial evidence rule shall not be invoked or apply, but the same shall be tried without regard to any prior holding of fact or law by the Department, and judgment entered only upon the evidence offered at the trial by the Court. A trial by jury may be had upon proper application."

John A. Janssen and his son, at each stage of the trial, insisted upon compliance with Sec. 2(c), Article 6701h. The Department alleged in its pleadings that it was the Janssens who were appealing from the Department orders of suspension, that it had mailed to the Janssens both a notice of suspension and an order of suspension. Janssens filed a motion to strike these pleadings and it was overruled. They then urged special exceptions to the pleadings because they informed the jury that the Department had already found against the Janssens. The exceptions were overruled. The Department's pleadings, over

objection, were read to the jury, and the jurors were in fact informed that Janssens were appealing from the adverse orders. The court did not, however, permit the Department to read the actual notices and orders which were attached to the pleadings. When the case reached the evidence stage, the Department offered in evidence the actual notices and orders of the Department. They were admitted over objection by Janssens that this defeated a de novo trial and that such evidence was prejudicial. The jury examined those orders and passed them from member to member. At the charge stage of trial, Janssens requested that the jurors be instructed to disregard the pleadings and the evidence which referred to the prior orders of the Department, but their request was overruled.

■ Janssens, by motion to strike pleadings, by exception to the pleadings, by objection to the evidence, and by request for an instruction, sought to keep from the jury the Department's notices and orders and the fact that it was the Janssens who were appealing. Nevertheless, the orders were fully disclosed to the jury. The statute declares that these appeals should be tried without regard to any prior holdings of fact or law by the Department, and that judgment should be entered only upon the evidence offered at the trial. The Department argues that there was no harm to Janssens, since original evidence was presented upon the trial on appeal, and the Department had the burden of going forward with the evidence. The statute describes and defines the meaning of de novo for these trials. Included in that description is the legislative intent that the jurors not be informed about the Departmental rulings. There is sound reason for this rule. From the juror's point of view, official-appearing documents proved that the Janssens' privileges were suspended, and would continue to be unless they won on appeal. The situation disclosed to the jury was that Janssens had to rid themselves of adverse orders. When the jurors were informed of that fact, they knew that Janssens had the burden at least to appeal. The jurors then, realistically, were placed in the position of either agreeing with or disapproving the orders. Apparently, the Department felt that its burden was more fittingly discharged by disclosing that the prior orders were against Janssens. We regard that disclosure as error. Federal Underwriters Exchange v. Bickham, 138 Tex. 128, 157 S.W.2d 356; Texas Employers' Ins. Ass'n v. Shiflet, Tex.Civ.App., 276 S.W.2d 942; 41–B Tex. Jur., Trial—Civil Cases. § 2–B.

■ The Department on the appeal to this Court argues that the administrative action is non-reviewable, because the Legislature has given the courts excessive power to review non-judicial matters. Experience has shown that even the statutory denial of reviews sometimes may not deprive one of it, and that courts have refused to be governed by a rigid rule. St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 56 S.Ct. 720, 738, 80 L.Ed. 1033. In any event, appeals are proper with respect to judicial or quasi-judicial matters. 73 C.J.S. Public Administrative Bodies and Procedure §§ 37 and 186; State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68; Bradford v. Phelps County, 357 Mo. 830, 210 S.W.2d 996. The issue involved in the Janssen hearing is judicial in nature. Janssens contend that the statute is inapplicable when an accident occurs while a car is legally parked. The construction and interpretation of statutes is a judicial function. Whether a vehicle is "legally parked" is a judicial matter. If it be a non-judicial function to determine whether one is "legally parked" under the Safety Responsibility Act, it would no less be administrative when a policeman fines a driver on the spot who is not "legally parked." Policemen would supplant traffic courts. This case concerned a judicial matter. Moore v. Cox, Tex.Civ.App., 215 S.W.2d 666.

■ In spite of the erroneous procedure, the license and registrations should

be suspended if the admitted facts, as a matter of law, subject Janssens to the penalties of the Safety Responsibility Act. Janssens' sole defense is that they fall within Sec. 6(2) of Article 6701h, which excuses the requirements as to security and suspension when the operator or owner of the motor vehicle is "legally parked at the time of the accident."

John A. Janssen, the father, testified that his son "stopped" partially off the road so he could make an inspection of the trailer hitch; that he completed that inspection and jumped into the pick-up truck and told his son to pull over and wait for the approaching vehicle "to get by." Donald Janssen, the son, testified that they were on their way to get a load of corn when his father told him to "stop" so he could check the trailer hitch, that he stopped the pick-up, that his father jumped back into the pick-up, that he pulled over as far as he could to the right, that he left the motor running, but was at a full stop, "that he stopped at his father's direction to let the oncoming vehicle pass, intending to go on after it had passed." These are all the facts which relate to "parking."

The Safety Responsibility Act excuses compliance in the case of "legally parked" cars, but does not define that term. Sec. 93, Article 6701d, Vernon's Rev.Cr.Stats., and also Sec. 10, Art. 827a, Penal Code, state the rules relating to "stopping", "standing" and "parking." Those statutes are broader and much more inclusive than the limited term "parked" used in the Safety Responsibility Act.

We must exclude all considerations of fault and justification. Those matters are foreign to this hearing. Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177. As proved by the Janssens themselves, they were not "parked." On the contrary, they were driving. The momentary stop was an incident to driving on rather than parking. All parking may involve stopping; but all stopping does not involve parking. One stops to let traffic pass, to wait for traffic signals, to make certain turns, to discharge or pick up passengers. These maneuvers are a part of driving and movement rather than the cessation of movement by parking. Such acts may involve stopping, but not parking. 2A Cyclopedia of Automobile Law and Practice, § 1197; The Greyhound Corporation v. Lyman-Richey Sand & Gravel Corporation, 161 Neb. 152, 72 N.W.2d 669, 674; Morris v. Jenrette Transport Co., 235 N.C. 568, 70 S.E.2d 845, 850; Peoples v. Fulk, 220 N.C. 635, 18 S.E.2d 147; Gossett v. Van Egmond, 176 Or. 134, 155 P.2d 304, 311; Bauer v. Bahr, 240 Wis. 129, 2 N.W.2d 698; Hinkle v. Union Transfer Co., 10 Cir., 229 F.2d 403, 407; 60 C.J.S. Motor Vehicles § 329c.

We conclude that Janssens were not "parked" as that term is meant in the Safety Responsibility Act, and, as a matter of law, were not excused. Since there was no issue to submit to the jury, the fact that there was improper matter submitted to the jury in an improper way, and also the fact that improper procedures were followed, become immaterial and harmless.

The former opinions are withdrawn and the judgment of the trial court is affirmed.

BARROW, Justice (concurring).

I concur in the affirmance of the judgment of the trial court, but wish to express my views with reference to appellant's first point.

It is my opinion that appellant's first point is multifarious and too general to be considered. Said point is as follows:

"The trial in the County Court on appeal of the Department's administrative orders was not a trial de novo —'tried without regard to any prior holding of fact or law by the Department'—and the Court should not have permitted the Department's pleadings setting out the prior actions and findings of the Department to be read to the jury; should not have permitted

. the Department's prior orders, appealed from, as such, to be introduced into evidence and submitted to the jury."

Rule 418(b), Texas Rules of Civil Procedure, provides:

"A statement of the points upon which the appeal is predicated, separately numbered in short form and without argument, and germane to one or more assignments of error when assignments are required. Such points will be sufficient if they direct the attention of the court to the error relied upon and they should ordinarily be so concisely stated that they may appear, separately numbered, on a single page of the brief. Assignments of error need not be copied in the brief, and may be cited by reference only."

Appellant's point includes: 1. The trial in the County Court was not a trial de novo. 2. The case was not tried without regard to any prior holding of law or fact by the Department. 3. The court should not have permitted that part of the Department's pleading setting out the prior actions and holdings to be read to the jury, and 4. should not have permitted the Department's prior orders appealed from to be offered in evidence and submitted to the jury.

Appellant's first assertion that he was denied a trial de novo is simply a general conclusion without specifying any particular ruling complained of. In that connection the record shows that the case was tried not under the substantial evidence rule, but under the preponderance of evidence rule and the burden of proof placed on the Department.

The second complaint is likewise a general statement which does not specify any particular action or ruling.

Under the third and fourth subdivisions of appellant's point he complains of numerous rulings:

(a) Overruling his motion to strike pleading.

(b) Overruling his exception to pleading.

(c) Reading objectionable parts of the pleading to the jury over his objection.

(d) Offering in evidence orders and findings over objection.

(e) Overruling motion to disregard evidence offered.

(f) Overruling objection to the court's charge.

These appear to have been the specific rulings complained of by appellant and should have been separate points. I think that the total effect thereof was to deny the trial de novo.

I think appellant's point falls within the criticism of the Supreme Court in Missouri-Kansas-Texas R. Co. v. McFerrin, Tex., 291 S.W.2d 931, and McWilliams v. Muse, Tex., 300 S.W.2d 643.