### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

### v.

### Guy William DAWSON, Jr., Appellee.

No. 16130.

Court of Civil Appeals of Texas.

Dallas.

Sept. 28, 1962.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellant.

Will Wilson, Atty. Gen., and F. R. Booth, Asst. Atty. Gen., amicus curiae.

Cookston & Wise, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment of a County Court reversing and setting aside an order of the Texas Department of Public Safety suspending the automobile driver's license of appellee, Guy William Dawson, Jr. pursuant to Art. 6701h, Vernon's Ann.Civ.St. The Statute is known as the Safety Responsibility Law.

On October 6, 1961, a car driven by Dawson ran into and injured Herbert H. Mangum on a street in the City of Dallas, Texas. On October 16, 1961, Dawson mailed his report of the accident to the Department of Public Safety at Austin, Texas.

The car driven by Dawson was registered in the name of his wife, Hiltrud E. Dawson. Neither Dawson nor his wife

carried liability insurance. Neither of them within twenty days filed evidence as provided by Sec. 5(a) of the Statute, of a release from liability, or of an adjudication of non-liability, or of a written agreement to pay claims for damages arising out of the accident. The Department determined that the sum of $2000.00 should be deposited as security as provided by Sec. 5(b) of the Statute. Dawson and his wife were so notified, but they failed to deposit the said sum as security.

Thereafter the Department by notice dated December 19, 1961, informed Dawson that his driver's license would be suspended as of January 9, 1962. Also, by notice addressed to Mr. Hiltrud E. Dawson, Dawson's wife was informed that her registration certificate as owner of the automobile was suspended.

It will be observed that Dawson's suspension order was not made by the Department within the sixty day period provided in Sec. 5(b) of the Statute. The order was made on the sixty-second day after receipt by the Department of Dawson's report of the accident.

Dawson appealed to County Court at Law No. 1 pursuant to Sec. 2(b) of the Statute. His wife did not appeal. On February 9, 1962, the Court entered an order staying the suspensions until trial of the case.

On March 9, 1962, judgment was entered in Dawson's favor setting aside the Department's suspension order and decreeing that he retain possession of his driver's license. Hiltrud E. Dawson had been named as a party in the pleadings, but she was dismissed as a party since she had not perfected an appeal. The stay order as to her was dissolved.

The constitutionality of the Safety Responsibility Law has been upheld. Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177.

The principal question to be decided on this appeal is whether the 60-day period provided in Sec. 5(b) of the Act is mandatory or directory—that is, whether the Department, if it suspends an operator's license, must do so within sixty days after receiving the report of an accident, and is prohibited from doing so thereafter.

The trial court filed findings of fact and conclusions of law. One of the court's conclusions was as follows:

"The requirements of article 6701h, Section 5(b) which requires that 'the Department shall, within 60 days after the receipt of such report * * * suspend a license of each operator * * *' is mandatory and failure of the Department (defendant) to act within the time limit set by said article renders their action in suspending the operators license of Guy W. Dawson Jnr. invalid."

The above conclusion is attacked by appellant, Texas Department of Public Safety, in its Point of Error No. 4, in a brief filed by Henry Wade, District Attorney of Dallas County. It is also attacked in a brief filed with our permission by Will Wilson, Attorney General as Amicus Curiae. Appellee in his fourth counterpoint asserts that the conclusion is a correct statement of law.

We are of the opinion that the court was in error in reaching the quoted conclusion. The provision in question is directory, not mandatory.

The case which seems to come nearest to being in point with the instant case is McKee v. State, Tex.Civ.App., 318 S.W.2d 113, in which the court construed Vernon's Ann.P.C. Arts. 725b, Sec. 15, and 725d, Secs. 4(c–e) and 5. The Statute provides for the forfeiture of motor vehicles used in contraband. It contains a provision that the time for hearing of the forfeiture shall be set within 30 days from the date of the filing by the owner of a verified answer. It was held that such provision is directory, not mandatory.

In Janssen v. Texas Department of Public Safety, Tex.Civ.App., 322 S.W.2d 313, 315, referring to the Statute now before us, Art. 6701h, the court said:

"In spite of the erroneous procedure, the license and registrations should be suspended if the admitted facts, as a matter of law, subject Janssens to the penalties of the Safety Responsibility Act."

■ The fundamental rule in statutory interpretation is to give effect to the legislative intent. Chisholm v. Bewley Mills, 155 Tex. 400, 287 S.W.2d 943. In applying that rule we are impressed by the caption and the emergency clause of Art. 6701h, which appear in House Bill No. 219 (Texas Motor Vehicle Safety Responsibility Act), 52nd Legislature, Texas Session Laws 1951, pp. 1210 and 1227.

We quote part of the caption:

"An Act to encourage safer use of motor vehicles on the streets and highways of Texas and to deny the privilege of driving to reckless and financially irresponsible persons by requiring security of owners and operators of motor vehicles following accidents and by providing for proof of financial responsibility for the future; defining certain words and phrases; * * *."

We quote also the emergency clause:

"The fact that thousands of motor vehicles are being operated on the highways of Texas by financially irresponsible owners and drivers who are causing untold loss of life and property and who are failing to pay for the damages thus caused, and the further fact that it is the intent and purpose of this Act to provide a means of protecting the conscientious and thoughtful motorist, *thereby benefiting all the citizens of this State,* constitutes an emergency * * *." (emphasis ours)

The language of the Legislature, above quoted, suggests to us that it was not the legislative intent to deny the benefits of the Act to the citizens of the State merely because the Department might fail to act within the thirty day period in question.

Generally provisions regulating the duties of public officers and specifying the time for their performance are held to be directory. This is usually the proper interpretation unless the Statute goes further and denies the exercise of the power after such time. Chisholm v. Bewley Mills, supra; State v. Fox, Tex.Civ.App., 133 S.W.2d 987, 990; Federal Crude Oil Company v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56; Gibson v. Davis, Tex.Civ.App., 236 S.W. 202, 210; City of Uvalde v. Burney, 145 S.W. 311, 312; Taney County v. Empire District Electric Company, Mo., 309 S.W.2d 610; 67 C.J.S. Officers § 114, p. 404.

In Sutherland on "Statutory Construction" 3rd Ed., Vol. 3, p. 102, it is said:

"For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory."

The court found that " * * * the Dawson car had not left its legal parking spot, and was still legally parked at the time of the injury in question." This finding is important because it is provided in Sec. 6, par. 2 of the Act that Sec. 5 shall not apply to the operator of a car legally parked.

The court's finding and conclusion are obviously erroneous, as is shown by the admissions of Dawson himself in his testimony. We quote the pertinent part of Dawson's testimony on this subject:

"Q. All right, will you tell us what happened in that motor vehicle accident?

"A. I collided with this other car in backing up, I collided with another automobile. * * *

"Q. (By Mr. Orvis) There was a person injured in that motor vehicle accident?

"A. Yes, sir.

"Q. Do you know what his name is?

"A. Herbert Mangum.

"Q. That was caused by the vehicle you were operating colliding with him?
* * *

"A. I had some trouble getting the car started because it was a little chilly and it took a little while to warm it up.

"Q. Did you let the car roll backward?

"A. No, it did not roll, I started it backward.

"Q. You started the engine and had the car in gear?

"A. Yes, sir.

"Q. Well, did you have it in reverse?

"A. Sir?

"Q. Did you have it in reverse?

"A. It was in reverse.

"Q. Did you, at the time that you were going backward, had you cut your wheels to get out of the parking space?

"A. No, I backed up to cut around a car that was parked immediately in front, I couldn't cut and pull straight out, so I backed straight out.

"Q. About how far did you back?

"A. About 6 feet I imagine, actually a little bit farther than I needed to, to clear the car.

"Q. And did Mr. Mangum—how was Mr. Mangum's car situated?

"A. It was parked on the same side of the street that mine was and was facing the opposite direction and I didn't see him when I got into the car, I don't know whether he was there or not, I didn't notice, but he was at the back of the car, opening his trunk to get some tools out.

"Q. And your bumper caught him between his bumper and yours, is that right?

"A. It was at a right angle and his leg was trapped between the two bumpers. * * *"

■ Appellee says that only a partial statement of facts has been brought forward, hence all reasonable presumptions will be indulged in favor of the trial court's judgment. The rule relied on by appellee is not applicable here. Appellee's own admissions as disclosed in the excerpts from his testimony completely rebut any presumption that the car was parked at the time Mangum was injured. The car was in motion, in reverse gear, with its motor running. It was not "legally parked." Janssen v. Texas Department of Public Safety, 322 S.W.2d 313, 316.

Appellant's fourth point on appeal is sustained. Appellee's fourth counterpoint is overruled.

Appellant's first, second and third points on appeal raise procedural questions which are immaterial in view of our sustaining appellant's fourth point. For that reason we shall not pass on said points.

Appellee's answers to appellant's requests for submission and his testimony present a full development of the facts in this case. Undoubtedly the State Department of Public Safety properly suspended appellee's operators license, as provided by Art. 6701h, V.A.C.S., the Safety Responsibility Law. Therefore the judgment of the trial court will be and it is reversed, and judgment is here rendered upholding and affirming the order of the Texas Department of Public Safety suspending the automobile driver's license of appellee Guy William Dawson, Jr.