

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 9, 1974

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 466

Re: Time at which district
clerk is required to forward
file in adoption case to Depart-
ment of Public Welfare.

Dear Mr. Resweber:

You have asked our opinion on four questions involving the
duties of the District Clerk in adoption cases under the Family Code.
Your first question is:

> Is the District Clerk required to transmit adoption
> proceeding case files to the State Department of
> Public Welfare?

Section 11.17(b) of the Family Code provides in part:

> On entry of a decree of adoption, the clerk of
> the court shall transmit to the department the
> complete file in the case, including all pleadings,
> papers, studies, and records in the suit other than
> the minutes of the court. When the department
> receives the complete file, it shall close the records
> concerning that child; and except for statistical
> purposes, it shall not disclose any information
> concerning the prior proceedings affecting the
> child.

We believe the language of the statute clearly requires the district
clerk to transmit the complete files of adoption cases to the Department

of Public Welfare.  The Legislature chose the word "shall" to delineate the duty of the clerk.  "Shall" ordinarily is used to indicate a mandatory requirement, it will be presumed to be used in the imperative sense unless the context indicates otherwise.  Attorney General Opinion H-326 (1974).  Here the statutory scheme compels the conclusion that the Legislature intended to impose a mandatory duty on the clerk to transmit the files to the Department.

Your second question asks:

> At what point in time after the entry of the adoption
> order should the files be transmitted to the State
> Department of Public Welfare?

The statute indicates that a file is to be transmitted to the Department "on entry of a decree of adoption. " As a general rule of statutory construction a statute prescribing the time of an action by a public official is directory rather than mandatory as to the time. Federal Crude Oil Co. v. Yount-Lee Oil Co., 52 S. W. 2d 56, 61 (Tex. Sup. 1932); State v. Fox, 133 S. W. 2d 987, 990 (Tex. Civ. App. --Austin 1939, writ ref'd); Texas Department of Public Safety v. Dawson, 360 S. W. 2d 860 (Tex. Civ. App. --Dallas 1962, no writ); 67 C. J. S. , Officers § 114; 2A Sands, Sutherland Statutory Construction § 57.19 (4th ed.).  A statute indicating that action is to be taken "on" the occurrence of a certain event has been interpreted to mean that the action is to be taken within a reasonable time of the event.  County of Platte v. New Amsterdam Casualty Co. , 6 F. R. D. 475 (D. Neb. 1946); Masters v. McHolland, 12 Kan. 17 (1873).  We believe, therefore, that the clerk must forward the files to the Department within a reasonable time of the entry of the decree.  Since the clerk has statutory duties to perform when an appeal is pursued or other challenge to the decree is made, and since he generally must have possession of the file in order to perform those duties, we believe it would not be unreasonable for him to retain the files while he is fulfilling his statutory duties in connection with any appeal,  If an appeal is taken, in the normal case a motion for new trial or a notice of appeal will be filed within ten days of the entry of the decree.  Texas Rules of Civil Procedure.  Rules 329b, 353.  We cannot say it would be

unreasonable for the clerk to delay forwarding the file for ten days until he determined whether an appeal would be pursued. This is not to say that he may hold the file until any possibility of an out of time appeal or of collateral attack is exhausted. If that were permitted he could hold the file for as long as two years, a period which almost certainly would be determined to be unreasonable. See Texas Family Code, section 16.12.

If the clerk does send the file to the Department of Public Welfare and an appeal or collateral attack is subsequently filed, there is a statutory procedure by which he can recover the file. Texas Family Code, section 11.17(d). Under that section he may be given the file on an order of a district court in Travis County for good cause shown.

Your final question is:

> May the District Clerk furnish certified copies
> of the Court's Minute Records of an adoption
> proceeding to persons who request such copies?

We have found no prohibition of a furnishing of a certified copy of the court's minute record of an adoption proceeding. However, in his commentary to the Family Code, Professor Joseph McKnight said:

> Numerous lawyers complained that the confidentiality
> provisions in Tex. Rev. Civ. Stat. Ann. art. 46a were
> ineffective because of the accessibility of the adoption
> files in district clerk's offices throughout the state. To
> avoid this problem, subsection(b) [of §11.17] provides
> that the complete file, other than the minutes of the court,
> is to be transmitted to the Department, where records are
> sealed. Because the courts' minutes include the judg-
> ment, good practice will be to omit the parents' and
> child's names. [5 Texas Tech. Law Review 281, 412
> (1974)].

It is therefore our opinion that a certified copy of the court's minute records may be furnished, but the better practice is to omit the parents' and child's names from the minutes.

## SUMMARY

The district clerk is required to furnish the file on an adoption case to the Department of Public Welfare within a reasonable time of the entry of an adoption decree.   Normally it will not be unreasonable for a clerk to retain the file for ten days after entry of the decree and for the time necessary to perform his statutory duties during the pendency of an attack on the decree.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg