

# The Attorney General of Texas

May 19, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William C. Wright
Orange County Attorney
Courthouse
Orange, Texas    77630

Opinion No.  JM-496

Re: Whether an individual's license
may be suspended under section 2(f)
of article 6701l-5, V.T.C.S., under
certain circumstances

Dear Mr. Wright:

You ask whether a provision requiring the Texas Department of Public Safety to request a hearing within 10 days after the receipt of demand for a hearing is mandatory or directory. You also ask whether a court has discretion as to the length of a suspension of a driver's license for failure to give a blood or breath specimen. Your first question is based on the following statute:

> When the director [of the Department of Public Safety] receives [a report that a person has refused to give a breath or blood specimen], the director shall suspend the person's license, permit, or nonresident operating privilege, or shall issue an order prohibiting the person from obtaining a license or permit, for 90 days effective 28 days after the date the person receives notice by certified mail or 31 days after the date the director sends notice by certified mail, if the person has not accepted delivery of the notice. If, not later than the 20th day after the date on which the person receives notice by certified mail or the 23rd day after the date the director sent notice by certified mail, if the person has not accepted delivery of the notice, the department receives a written demand that a hearing be held, <u>the department shall, not later than the 10th day after the day of receipt of the demand, request a court to set the hearing for the earliest possible date.</u>  (Emphasis added).

V.T.C.S. art. 6701l-5, §2(f).

We must first point out that a brief DPS submitted in response to your question indicates a misperception about the nature of an inquiry into whether a statute that sets out the duty of a public official is mandatory or directory. The question of whether such a provision is mandatory or directory arises when it is necessary to determine the effect of a _past_ failure to comply with the provision. The determination that a duty imposed on public officials is directory does not mean that public officials can ignore the duty. "No statutory provisions are intended by the legislature to be disregarded." 2A Sutherland Statutory Construction §57.01, p. 640 (rev. 3rd ed. 1943). In other words, regardless of whether the statute you ask about is mandatory or directory, DPS is not free to ignore the requirements of article 6701l-5. "Ministerial officers are not exponents of law, they are not free to perform or not perform clear legal duties as their fancy dictates, and they are not immune from compulsory process." Glass v. Smith, 238 S.W.2d 243 (Tex. Civ. App. - Austin 1951), aff'd, 244 S.W.2d 645 (1951). Therefore, DPS must comply with the requirements of article 6701l-5 §2(f).

Article 6701l-5, §2(f), states that DPS "shall" request a setting "not later than the 10th day after the day of receipt of the demand." You ask whether that provision is mandatory or directory. The difference between a mandatory and a directory provision is that failure to comply with a directory provision does not invalidate the underlying proceeding unless the complaining party can show that he was harmed by that failure. See State v. Boren, 654 S.W.2d 547 (Tex. Civ. App. - Waco 1983, no writ). In contrast, the effect of a mandatory statute is "to require at least substantial compliance with its provisions in order to uphold the proceedings to which the statute is applicable." Toyah Independent School District v. Pecos-Barstow Independent School District, 466 S.W.2d 377, 380 (Tex. Civ. App. - San Antonio 1971, no writ) citing 3 Sutherland Statutory Construction, §5815, p. 90 (3d ed. 1943). Although "shall" generally indicates a command, the courts have held in a number of cases that the word "shall" in a statutory provision setting a time limit for the performance of a duty is directory rather than mandatory. See, e.g., Lewis v. Jacksonville Building & Loan Association, 540 S.W.2d 307 (Tex. 1976); Chisholm v. Bewley Mills, 287 S.W.2d 943 (Tex. 1956); Department of Public Safety v. Dawson, 360 S.W.2d 860 (Tex. Civ. App. - Dallas 1962, no writ); State v. Fox, 133 S.W.2d 987 (Tex. Civ. App. - Austin 1939, writ ref'd).

The key to whether a statutory provision is mandatory or directory is legislative intent:

> In determining whether the Legislature intended
> the particular provision to be mandatory or merely
> directory, consideration should be given to the
> entire act, its nature and object, and the

> consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

Chisholm, 287 S.W.2d at 945. The courts have noted that regulations requiring actions to be performed within a certain time are especially likely to be directory if they regulate the conduct of public officers. Dawson, 360 S.W.2d at 862; Fox, 133 S.W.2d at 990. Sutherland explains the reason for this rule:

> For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory.

Sutherland Statutory Construction §5816, at 102 (3rd ed. 1943). If faced with the question of the effect of the violation of the provision in question in this case, a court would probably hold that the provision in question is directory rather than mandatory. See Department of Public Safety v. Dawson, 360 S.W.2d 860 (Tex. Civ. App. - Dallas 1962, no writ) (sixty-day period within which statute allows DPS to suspend license is mandatory). Even so, if a defendant could show harm, the underlying proceeding would be void. The existence of harm is a fact question and would have to be determined case by case.

DPS submitted a brief in response to your request and asked whether the following procedure does in fact comply with article 6701l-5:

> The Texas Department of Public Safety routinely files administrative driver's license suspension cases under article 6687b, section 22(a), V.T.C.S., in four hundred and fifty-one (451) courts throughout the state. These courts have, by prearrangement, given the department the authority to set a certain number of cases each week in order to have a systematic and orderly procedure to handle the approximately seventy thousand

> (70,000) administrative hearing cases which are
> set in these courts each year. This system avoids
> the problem of the department having to make an
> individual request for a court setting for each
> case. Within forty-eight (48) hours of receipt of
> a person's written demand for a B/BTR [breath/
> blood test refusal] hearing, a computer entry is
> made to indicate that the case is set for an
> administrative hearing. This means that the case
> will be set as soon as the court provides its next
> available setting date to the department. As soon
> as the setting becomes available, the individual
> and his legal representative (if any) are notified
> of the time and place of the administrative
> hearing. At present, over five thousand (5,000)
> cases are in the 'holding tank' awaiting a
> setting/date. The B/BTR cases account for over
> four hundred (400) of that total number of cases.

Apparently in many cases this procedure does not result in a request to a court for a hearing within the time specified in article 6701$\underline{1}$-5. In such cases, DPS may not use this procedure because DPS would not be complying with its statutory duty.

Your second question is whether a court has discretion as to the length of suspension of a license under article 6701$\underline{1}$-5. The statute states that if the court makes the required findings

> then the Director of the Texas Department of
> Public Safety shall suspend the person's license
> or permit to drive, or any nonresident operating
> privilege for a period of 90 days, as ordered by
> the court.

V.T.C.S. art. 6701$\underline{1}$-5, §2(f).

The legislature may impose duties on judges that do not allow for the exercise of judicial discretion. Attorney General Opinion MW-185 (1980). The plain language of section 2(f) allows a court no discretion in the length of suspension. A plain and unambiguous statute will be enforced according to its wording. Central Education Agency v. Independent School District of City of El Paso, 254 S.W.2d 357, 360 (Tex. 1953). Also, the statutory predecessor to article 6701$\underline{1}$-5 provided for suspension "for a period ordered by the court, but not to exceed one (1) year." The legislature's decision to supersede that language with a provision for suspension "for a period of 90 days, as ordered by the court" indicates that the legislature intended to fix the length of the suspension in the new statute and not allow judicial discretion. The phrase "as ordered by the court" simply refers to the court's ministerial duty to implement the 90-day suspension.

Furthermore, section 2(f) of article 67011-5 states that an officer must inform a person who refuses to give a blood or breath specimen that he faces an <u>automatic</u> 90-day suspension. Thus, a court has no discretion regarding the length of a suspension under article 67011-5.

### S U M M A R Y

A public official must comply with a statutory duty regardless of whether that duty has been found to be "directory" for purposes of determining the effect of a past failure to comply. A court has no discretion as to the length of a suspension under article 67011-5.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General