STATE OF MISSOURI at the relation of ELINOR KAVANAUGH, Respondent, v. WAYNE G. HENDERSON, Supervisor of Liquor Control, Appellant.—No. 37995.—169 S. W. (2d) 389.

Division Two, March 25, 1943.

*Roy McKittrick,* Attorney General, and *Ernest Hubbell,* Assistant Attorney General, for appellant.

*Thos. H. Henson* for respondent.

TIPTON, J.—This is an appeal from the circuit court of Cole County, Missouri, wherein that court issued a peremptory writ of mandamus compelling the appellant, as Liquor Supervisor, to make all of the invoices, ledger-book entries, and reports heretofore filed and kept in that office, available to the respondent for inspection, and in the future, obtain, file, and keep the aforesaid invoices and reports, and make the same available to the respondent for inspection and copying, at reasonable times. From this judgment, the appellant has duly appealed.

The essential facts in this case are as follows: That the appellant became Supervisor of Liquor Control on July 15, 1941; and that his predecessor had issued Regulation Number 16, which required dis-

tillers, wine manufacturers, and wholesale liquor dealers to make monthly reports to him showing: (1) the total amount by gallons of spirituous intoxicating liquor sold and shipped in Missouri; (2) the kind of such liquor so sold, that is, whether the same was whiskey or wine, etc.; (3) by whom such liquor was so sold; (4) to whom such liquor was so sold; (5) the trade name or brand of such spirituous intoxicating liquor; and (6) the quantity or volume of bottles and containers in which such liquor was so sold, that is, whether the same were one-half gallons, quarts, pints, etc.

Shortly after the appellant became Supervisor, he refused to permit the respondent to inspect or make a copy of the records of this office. The respondent had been making a copy of the records made pursuant to Regulation Number 16, and had been selling this information to liquor dealers.

On August 8, 1941, the respondent filed this mandamus proceeding in the circuit court of Cole County, Missouri, and on November 5, 1941, the appellant filed his first amended return, which stated that on October 28, 1941, he cancelled and annulled Regulation Number 16, and on that date, issued and promulgated another Regulation known as Regulation Number 21, which was the same as Regulation Number 16, except that it did not require the last two facts in Regulation Number 16 to be reported to him, namely; "the trade name or brand of spirituous intoxicating liquor sold in the State of Missouri," and "the quantity or volume of bottles and containers in which said liquor was so sold, that is, whether the same were one-half gallons, quarts, pints, etc."

In his brief in this court, the appellant concedes the respondent is entitled to inspect and copy all reports heretofore made pursuant to Regulation Number 16, and all reports made or hereafter made pursuant to Regulation Number 21, for the reason he admits they are public records, but he contends the peremptory writ is erroneous in requiring him to get reports of the (a) trade name or brand of spirituous intoxicating liquor so sold and (b) the volume of bottles and containers in which said liquor was so sold, that is, whether the same were one-half gallons, quarts, pints, etc., for the reason that there is no statute requiring him to keep such records, or, in other words, a record of the invoice of the liquor so sold.

Respondent contends the appellant must keep a record of the invoices under Sections 4875, 4889, 4900, 4911, and 4947 of Revised Statutes of Missouri, 1939.

The pertinent parts of these sections are as follows: Section 4875, R. S. Mo. 1939, provides:

". . . The supervisor of liquor control shall keep a record of all intoxicating liquor manufactured, brewed, or sold in this state by every brewery, distiller, manufacturer, distributor, or wholesaler."

Section 4889 provides:

972

"The supervisor of liquor control shall have the authority . . . to make the following regulations (without limiting the generality of provisions empowering the supervisor of liquor control as in this act set forth) as to the following matters, acts and things; fix and determine the nature, form and capacity of all packages used for containing intoxicating liquor of any kind, to be kept or sold under this act; prescribe an official seal and label and determine the manner in which such seal or label shall be attached to every package of intoxicating liquor so sold under this act; this includes prescribing different official seals or different labels for the different *classes, varieties* or *brands* of intoxicating liquor . . . "

Section 4900, R. S. Mo. 1939, provides:

"(f) Every manufacturer, distiller and wholesale dealer in this state, shall, . . . at the time of shipping or delivering such liquors, make a true duplicate invoice of the same, showing the date, amount and value of each class of such liquors shipped or delivered, and retain a duplicate thereof, subject to the *use* and inspection of the supervisor of liquor control and his representatives for two (2) years."

Section 4911, R. S. Mo. 1939, provides:

"No person holding a license or permit shall sell malt liquor, or any other intoxicating liquor in this state, or shall offer for sale any such malt liquor, or other intoxicating liquor, whatsoever, brewed, manufactured or distilled by one manufacturer, in substitution for, or with the representation that any such malt liquor or other intoxicating liquor, is the product of any other brewer, manufacturer or distiller."

Section 4947, R. S. Mo. 1939, provides:

"Every person, firm, partnership or corporation who shall keep or store any intoxicating liquor in any warehouse, or other storage place in this state, shall at the time such liquor is received and stored, notify the supervisor of liquor control and furnish to him a *list* of the *kind* and quantity of such intoxicating liquor, and the name and address of the owner thereof, and upon the withdrawal of said intoxicating liquor, or any part thereof, shall notify said supervisor and furnish to him the name and address of the person to whom such intoxicating liquor shall be delivered, the *kind, quantity* and *amount* thereof. . . . " (Italics ours.)

Section 4875, supra, does require the Supervisor to keep a record of all intoxicating liquors manufactured and sold within this State. This he now does under Regulation Number 21.

Section 4889 authorizes him to make regulations as to the form and capacity of all packages used for containing intoxicating liquors and to prescribe different labels for the different classes, varieties, or brands of intoxicating liquors. But it does not require that he keep a copy of the invoice of the liquor sold showing in what quantities the liquor was sold, or invoices of what kind of liquor was sold.

This section refers to different seals, labels, and stamps evidencing the payment of taxes. The taxes on gallonage are paid by manufacturers buying from appellant and affixing to liquor sold, printed papers, called in the statute "stamps or labels." (Sections 4884, 4900, 4903, 4923, 4928, and 4932.) Those are the "official seals or different labels" referred to in this section. When this section refers to "classes, varieties or brands" of liquor, it means whiskey or wine, which is the classification for taxation, and does not mean the trade marks of the particular manufacturers, which have no relation to the revenue-raising purpose of the records here involved.

Section 4900, supra, required that a true duplicate invoice be kept by the manufacturer, distiller, and wholesale dealer for two years for the use and inspection of the Supervisor, but it does not require that such invoice be sent to the Supervisor.

A record of trade marks or names or brands as used in Section 4911, supra, would not be necessary, convenient, or appropriate in the enforcement of the law against sales of liquor of one manufacturer with the representation that it is the liquor of another manufacturer, because this section could not be enforced by copies of invoices, or by bookkeeping entries. It could be more readily enforced by field investigators.

Section 4947, supra, does not refer to invoices of liquor that is sold, but deals only with the storage of liquor and the withdrawal of liquor that has been stored.

We find nothing in these sections that require the Supervisor to keep a record of the invoices of liquor sold in this State. That is to say, there is nothing in these sections requiring the seller to send the Supervisor the trade name of the liquor sold or whether it was sold in quart, pint, etc., containers.

In all instances where, by law or regulation, a document is required to be filed in a public office, it is a public record and the public has a right to inspect it. 53 Corpus Juris, Section 1, pages 604 and 605; Clement v. Graham, 63 Atl. 146, 78 Vt. 290; Robinson v. Fishback, Ann. Cas. 1913B, 1271, 93 N. E. 666, 175 Ind. 132; State ex rel. Eggers v. Brown, 134 S. W. (2d) 28, 345 Mo. 430.

Section 4889, supra, also gives authority to the Supervisor "to make such other rules and regulations as are necessary and feasible for carrying out the provisions of this act, as are not inconsistent with this act." Under this authority, the appellant's predecessor did promulgate Regulation Number. 16, which did require liquor dealers to send the Supervisor a copy invoice of liquor sales. As long as that Regulation was in effect, of course, they were public records and respondent was entitled to inspect them. This is not now disputed by the appellant.

At the date the petition for mandamus was filed, that Regulation was in effect. Of course, at that time, respondent was entitled to

inspect these invoices, and the appellant was required to keep a record of these invoices. However, prior to the time appellant filed his amended return, that Regulation was cancelled and Regulation Number 21 was promulgated, which did not require recording of these invoices; and, in fact, they are no longer kept.

We have already stated that the statutes do not require keeping a record of these invoices. If they are kept, it is because of a regulation required by the Supervisor. Such regulation is promulgated at the discretion of the Supervisor.

". . . Mandamus will not lie to compel a person or officer to do something when action in the premises, on the part of such person or officer, is discretionary and not ministerial." State ex rel. Shartel, Attorney General, et al., v. Humphreys, 93 S. W. (2d) 924, l. c. 926, 338 Mo. 1091.

". . . The rule is, that respondents in a mandamus proceeding, have a right to allege things transpiring after the issue of the alternative writ, as a reason why the peremptory writ should not issue." State ex rel. Kendall v. Wilson, 132 S. W. 623, 151 Mo. App. 719, l. c. 722. See, also, High on Extraordinary Remedies (3rd Ed.), p. 456, Sec. 475.

By Regulation Number 21, appellant ceased to require a report regarding the invoices, prior to the time he filed his amended return. It, therefore, was error for the trial court to require appellant to now keep records of the invoices and to do so in the future.

Respondent contends appellant, in ceasing to keep a record of these invoices, did not use his sound discretion, and relies upon the rule of law that when an officer exercises his discretion, it is sound legal discretion, not a capricious, arbitrary, or oppressive one. State ex rel. Adamson v. Lafayette County Court, 41 Mo. 221; State ex rel. Kelleher v. St. Louis Public Schools, 35 S. W. 617, 134 Mo. 296; State ex rel. Shartel, Attorney General, et al., v. Humphreys, supra.

Respondent may have been able to prove the appellant acted arbitrarily, but this case was ruled on a demurrer to appellant's return to the alternative writ. There is nothing in the return to prove the appellant did not use his sound discretion.

From what we have said, it follows that the judgment of the trial court was erroneous in requiring the appellant to keep in the future a record of these invoices. The judgment is, therefore, reversed and remanded with direction to the trial court to enter a judgment in conformity with this opinion. All concur.