**DISABLED POLICE VETERANS CLUB, a**
Pro Forma Decree Corporation
(Relator), Appellant,

v.

**I. A. LONG, Milton Carpenter, Jeremiah O'Connell, Abraham Lowenhaupt, N. A. Sweets, Thomas L. Moran and Walter Kyle, Constituting the Members of the Police Retirement System of St. Louis (Respondents), Respondents.**

No. 29137.

St. Louis Court of Appeals.

Missouri.

May 17, 1955.

As Modified on Denial of Rehearing June 10, 1955.

Paul E. Fitzsimmons, St. Louis, for appellant.

Samuel H. Liberman, City Counselor, City of St. Louis, Charles J. Dolan, William A. Geary, Jr., St. Louis, Associate City Counselors, City of St. Louis, for respondents.

NOAH WEINSTEIN, Special Judge.

The Disabled Police Veterans Club is a corporation created on June 18, 1953, by a decree of the Circuit Court of the City of St. Louis, Missouri, commonly referred to as a pro forma decree corporation. This corporation is composed of retired police officers of the City of St. Louis who have become totally and permanently incapacitated for duty as the result of an accident arising out of the performance of their official duties. The stated purpose of this corporation was to establish and maintain educational and recreational facilities; to promote the general welfare of its members; to aid, assist, develop and provide a program of rehabilitation for its members. This corporation applied to the Board of Trustees of the Police Retirement System of St. Louis for the names and addresses of all disability pensioners under the Police Retirement System of St. Louis. The chairman and attorney of the Disabled Police Veterans Club appeared at a meeting of the Board of Trustees of the Police Retirement System held on October 18, 1953, and explained the purpose of their organization and the use they intended to make of the names of the disability pensioners. At the request of one of the Trustees of the Police Retirement System, a copy of the Charter of the Disabled Police Veterans Club was given to an attorney for the Trustees and on November 20, 1953, the attorney reported that he had reviewed the Charter and By-Laws of the Disabled Police Veterans Club and that they were in order. Thereupon, the Board of Trustees, after a discussion, formally resolved that the Disabled Police Veterans Club be notified that the Board of Trustees was un-

able to comply with the request for a list containing the names and addresses of all disability pensioners of the Police Retirement System.

By letter dated April 29, 1954, the Police Retirement System of St. Louis advised the Disabled Police Veterans Club of its action taken on November 20, 1953.

Thereafter, on May 4, 1954, the Disabled Police Veterans Club, as relator, filed its petition for writ of certiorari in the Circuit Court of the City of St. Louis, Missouri, naming as respondents the individuals constituting the Board of Trustees of the Police Retirement System of St. Louis, for the purpose of reviewing the action of the Board of Trustees. On June 10, 1954, after the respondents' return had been filed in the proceeding, the cause was by agreement of counsel submitted on the pleadings filed, and on June 15, 1954, the Circuit Court entered its judgment and decree in said cause sustaining and affirming the decision of the respondents (Board of Trustees of the Police Retirement System), which order relator duly appealed to this Court.

The Disabled Police Veterans Club (hereinafter referred to as Relator) is described in the pleadings filed below as a "pro forma decree corporation, organized in accordance with the laws of the State of Missouri, and existing pursuant to a decree of the Circuit Court of the City of St. Louis issued on June 18, 1953." We can presume, accordingly, that relator exists pursuant to the provisions of Chapter 352 RSMo 1949, V.A.M.S., which establishes procedures for incorporation by three or more persons "as a society, company, association or organization formed for benevolent, religious, scientific, fraternal-beneficial, or educational purposes." Section 352.010 RSMo 1949, V.A.M.S., Section 352.050 RSMo 1949, V.A.M.S., states that "No association, society or company formed for manufacturing, agricultural or business purposes of any kind, or for pecuniary profit in any form * * * shall be incorporated under this chapter * *."

The Police Retirement System of St. Louis was created pursuant to the provisions of Sections 86.010 to 86.193 RSMo 1949, V.A.M.S. Section 86.023 vests the general administration and the responsibility for the proper operation of the retirement system in a board of trustees of seven persons. Section 86.043 requires the Board of Trustees to keep in convenient form such data as shall be necessary for actuarial valuation of the various funds of the retirement system and for checking the experience of the system. Paragraph 2 of said section reads in pertinent part as follows:

"The board of trustees shall keep a record of all its proceedings which shall be open to public inspection."

Section 86.037 RSMo 1949, V.A.M.S., provides that the action, decision or determination of the Board of Trustees of the Police Retirement System "in any matter" shall be reviewable by the common law writ of certiorari, only, and any party to such certiorari proceedings shall have a right of appeal from the decision of the reviewing court.

The jurisdiction of this court is urged by relator and conceded by respondents, and this court does have jurisdiction of this appeal, but it must be pointed out that relator is in error in resting jurisdiction on Section 86.037. That provision of Section 86.037 to the effect that respondents' decisions "shall be reviewable by the common law writ of certiorari, only" is repugnant to the requirements of Article V, Section 22 of the 1945 Constitution, V.A.M.S., and is accordingly nullified. Judicial review of respondents' decisions are governed by the administrative procedure and review act, Chapter 536 RSMo 1949, V.A.M.S., and in particular Sections 536.-100, 536.110 and 536.130. State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68, 73.

However, since the record in this case shows that notice of the final decision of respondents was mailed on April 29,

1954, and the proceedings in the Circuit Court were filed on May 4, 1954, or within thirty days as provided by Section 536.110, this amounts to substantial compliance with the provisions of said Section 536.110 even though relator has misconceived the form of the petition. Appeals from the judgment of the circuit court in such proceedings are taken as in other civil cases. Section 536.140, subd. 6.

The question to be determined on this appeal is whether or not the information sought by relator from the Trustees of the Police Retirement System is a matter of public record and by reason thereof available to the public generally and to relator specifically.

Respondents as the Board of Trustees of the Police Retirement System constitute a quasi-judicial tribunal. State ex rel. Police Retirement System of City of St. Louis v. Murphy, supra, 224 S.W.2d loc. cit. 70. Section 86.043 RSMo 1949, V. A.M.S., makes it mandatory for the Board to "keep a record of all its proceedings". This record then is one which the law requires public officers to keep as such officers and constitutes public records. The Barber Asphalt Paving Co. of Kansas City v. O'Brien, 128 Mo.App. 267, 284, 107 S.W. 25; State ex rel. Kavanaugh v. Henderson, 350 Mo. 968, 169 S.W.2d 389, 392.

Independently of statute the term public records covers not only papers expressly required to be kept by a public officer but all written memorials made by a public officer within his authority where such writings constitute a convenient, appropriate or customary method of discharging the duties of the office. International Union, etc. v. Gooding, 251 Wis. 362, 29 N.W.2d 730, 735; Conover v. Board of Education, etc., 1 Utah 2d 375, 267 P.2d 768, 770; People v. Shaw, 17 Cal.2d 778, 112 P.2d 241, 259.

Generally, any writing or document constituting a public record is subject to inspection by the public. State ex rel. Kavanaugh v. Henderson, supra. Nor is

it essential that the inspection of public records be limited to persons who have some legal interest to be subserved by the inspection. Neither does it detract from the right to inspect public records that it is done for others for compensation. State ex rel. Eggers v. Brown, etc., 345 Mo. 430, 134 S.W.2d 28. And the right to inspect carries with it the right to make copies. State ex rel. Conran v. Williams, 96 Mo. 13, 19, 8 S.W. 771.

This right to inspect and to copy public records is not an unlimited right. It is subject to such reasonable regulations as may be imposed to prevent undue interference with the proper functioning of the public officials involved. State ex rel. Eggers v. Brown, supra.

Furthermore, public policy demands that some public records must be kept secret and free from common inspection. In certain situations public records may, in the public interest, be withheld from public inspection. It is unnecessary to consider further this common-law exception to the right to inspect public records because the respondents have made no serious claim to come under any common-law limitation and we are unable to discover any. They are in no position to insist that any public interest will be served by keeping the requested information secret. International Union, etc. v. Gooding, 251 Wis. 362, 29 N.W.2d 730, 736.

It follows that relators should be permitted to inspect and copy any or all records of respondents which are herein considered to be public records subject to such reasonable regulations as may be imposed by respondents.

Accordingly, the judgment is reversed and the cause remanded with directions to enter a judgment directing that relators be permitted to inspect and copy any or all records of respondents which are herein considered to be public records subject to such reasonable regulations as may be imposed by respondents.

RUDDY, J., concurs.