

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 2, 1960

Honorable Tom Blackwell
County Attorney
Travis County
Austin, Texas

Opinion No. WW-793

Re: What original records
in the office of the
District Clerk may be
destroyed under the
provisions of Article
6574b, Vernon's Civil
Statutes.

Dear Mr. Blackwell:

We have received your request for an opinion on
the following questions:

> 1. Do "original public records" as that
> phrase is used in Article 6574b, Vernon's
> Civil Statutes, include filed pleadings,
> citations, executions, Writs of Injunction,
> garnishment, attachment, and other such
> writs, drafts or orders, and any other in-
> struments that might be filed in a civil
> case, and indictments, drafts or orders,
> and all other pleadings or instruments that
> might be filed in a criminal case.

> 2. In what instances would the clerk be
> barred from destroying public records "until
> the time for filing legal proceedings based
> on any such record shall have elapsed" as
> provided in Article 6574b, Vernon's Civil
> Statutes?

The Court in State ex rel Kavanaugh v. Henderson,
Supervisor of Liquor Control, 169 S.W. 2d 389 (Mo. 1943)
stated:

> "Where, by law or regulation, a document is
> required to be filed in a public office, the
> document is a 'public record' . . ."

Words and Phrases, Volume 35, page 318, contains
the following definition:

> "Judgment roll, files, papers, and orders in
> case are 'judicial records', 'public writings',
> and 'public records' within statutes . . ."

We again find in Words and Phrases, Volume 35, at page 26 of the pocket part:

"Defendant's pleadings and papers, which were involved in civil action and which were in custody of county clerk as ex officio clerk of superior court in which action was pending, were 'public documents' . . ."

In view of the above, it is the opinion of this Department that filed pleadings, citations, executions, writs of injunction, garnishment, attachment, and other such writs, drafts or orders, and any other instruments that might be filed in a civil case, and indictments, drafts or orders, and all other pleadings or instruments that might be filed in a criminal case are original public records within the purview of Article 6574b, Vernon's Civil Statutes.

Article 6574b, Vernon's Civil Statutes, provides in part as follows:

"Section 1.  The Commissioners Court of any county in Texas, or the governing body of any political subdivision of Texas, may, at its discretion, order, authorize and provide for the duplication of all public records by photostatic, photographic, miniature photographic, film microfilm or microphotographic process which correctly and legibly copies and reproduces, or which forms a medium of copying or reproducing, such public records, when, in the judgment of a Commissioners Court, or of the governing body of any political subdivision of Texas, a necessity exists for the photographic duplication of said public records for the purpose of recording, preserving and protecting same, or for the purpose of reducing space required for filing, storing and safekeeping of same, or for any similar purpose.

". . .

"Sec. 4.  Said photographic duplicates of all public records shall be placed in conveniently accessible files and provisions shall be made

for preserving, safekeeping, using, examining,
exhibiting, projecting, and enlarging the same
whenever requested during regular office hours.
Whenever protographic duplicates of public records
are so made, certified and placed, the original
public records may be, by order of the Commission-
ers Court of the county, or of the governing body
of any political subdivision of Texas, destroyed or
otherwise disposed of, provided, however, that no
original record shall be destroyed or otherwise dis-
posed of unless or until the time for filing legal
proceedings based on any such record shall have
elapsed, and, in no event, shall any original public
record be destroyed or otherwise disposed of until
said public record is at least five (5) years old;
and provided further, that notice of such proposed
destruction or disposition of original public re-
cords shall first be given to the State Librarian,
and if such records are, in his opinion, needed
for the Texas State Library, they shall be trans-
ferred thereto in the manner provided in Article
5439, Revised Civil Statutes, 1925.

"Sec. 5. Nothing in this Act shall authorize
the destruction or disposition of any deed record,
deed of trust record, mechanic's lien record or any
minute book of any Court or any minute book of any
political subdivision of Texas.

" . . .

"Sec. 7. Said photographic duplicates of public
records shall be deemed to be an original record for
all purposes, including introduction in all Courts
or administrative agencies. A transcript, exemplifi-
cation, or certified copy thereof shall, for all pur-
poses recited herein, be deemed to be a transcript,
exemplification or certified copy of the original.

" . . .

"Sec. 10. The fact that the courthouses in many
of the counties of this State are now greatly burden-
ed by old and valueless records, which condition is
growing more serious all the time; and the fact that
the said records are a fire hazard in many courthouses;
and the further fact that the space used for keeping
such old records is needed for new material and for
other purposes create an emergency. . . ." H.B. 304,

Acts of the 50th Leg., Ch. 58, p. 84.

In view of the provisions under Section 1 of Article 6574b that all public records may be destroyed if properly duplicated as set out in said statute and that, under Section 7, Article 6574b, the public records properly duplicated may be considered original public records for all purposes and can be used when needed as the basis of any action which may be maintained, it appears that the phrase or provision under Section 4, Article 6574b, "until the time for legal proceedings based on any such record shall have elapsed" has little meaning, and any discussion of this subject would be of almost infinite range and purely academic. Further, the provision of Section 5, Article 6574b, that no deed record, deed of trust record, mechanic's lien record or minute books of any court or any minute book of any political subdivision of Texas may be destroyed, and Section 4, Article 6574b, that five (5) years must have elapsed before any public records may be destroyed, provide safeguards against the indiscriminate and useless destruction of public records.

The phrase "until the time for filing legal proceedings based on any such record has elapsed" could conceivably cause the fallacious conclusion that original public records could not be destroyed under any condition as a case of record could always be attacked on some tenuous theory or principle of law. It is our opinion that any such construction would defeat the purpose of this act and it is abundantly clear that this construction was not intended by the Legislature.

It is true that there is the occasional suit or action which may still be pending at the end of five (5) years or one on which an action would probably be maintained, and that use of the original public papers would be more practical and convenient, and in these cases, it would perhaps be wise for the Commissioners' Courts or governing bodies, as the case might be, to delay the destruction of these records; but, it is felt that the majority of case files and papers could be destroyed after five (5) years with little likelihood of further action. In that event, the duplicated records would always be available for use as original records.

It can readily be seen from the above quoted emergency clause, Section 10 of House Bill 304, Acts of the 50th Legislature, that it was the intention and purpose of the Legislature that old and valueless records be destroyed after being properly duplicated for use as original records in order that additional space in courthouses over Texas may be made available.

The general purpose and intent of any statute is controlling, and it has been said that:

".  .  . In cases of ambiguity, the intent and spirit of the act will prevail over its letter. Thus it is settled that the intention of the Legislature (§ 90) controls the language used by it, and in construing a statute the court is not necessarily confined to the literal meaning of the words used, especially in respect of isolated or particular provisions;  the intent rather than the strict letter of the act will be regarded. . . ." 39 Tex. Jur. 180,181, Statutes, Sec. 95.

And, further:

".  .  . in construing a statute it frequently happens that a word or phrase must be added to, or eliminated from, a particular part or section in order to carry out the manifest intent, as disclosed by the entire enactment. . . ." 39 Tex. Jur. 185, Statutes, Sec. 97. (Emphasis ours).

It also follows that:

".  .  . a statute be construed as a whole and that all of its parts be harmonized, if possible, so as to give effect to the entire act according to the evident intention of the Legislature. . . . It means also that the court will endeavor to reconcile the various provisions of the act, in so far as they may appear to be conflicting or inconsistent, to the end that the enactment and every word, phrase, clause and sentence may have its proper effect.

".  .  . Thus in case of doubt as to the meaning of a particular word, clause, provision or section, it is to be viewed in the light of all the language employed. It follows that a provision will not be given a meaning out of harmony with other provisions and inconsistent with the purpose of the act, although it would be susceptible of such construction if standing alone." 39 Tex. Jur. 209-212, Statutes, Sec. 113.

It is therefore the opinion of this Department that the provision in Article 6574b that no original records may be destroyed until the "time for filing legal proceedings based on any such record shall have elapsed" is not controlling in relation to this statute and that original public records, other than any deed record, deed of trust record, mechanic's lien record or any minute book of any court, or any minute book of any political subdivision of Texas, may be destroyed according to Article 6574b, when the following conditions have been complied with: (1) when in the judgment of the Commissioners' Court or other governing bodies a necessity exists; (2) when the records have been properly duplicated in a manner set out in said statute; (3) when said public records are five (5) years old; and (4) when notice of said destruction is given the State Librarian, and if such records are, in his opinion, not needed for the Texas State Library.

## SUMMARY

"Original public records" as the phrase is used in Article 6574b, Vernon's Civil Statutes, includes all filed papers and documents which may be filed in any civil or criminal action in the Courts of Texas, except those in adoption proceedings and other suits designated by statutes not to be public records. In view of the provision in Article 6574b, Vernon's Civil Statutes, that records properly duplicated before destruction are deemed to be original records for all purposes, the further provision in said statute that no records can be destroyed until the "time for filing legal proceedings based on any such record shall have elapsed" is not controlling in relation to this statute, as it is "out of harmony" with, and would defeat, the purpose of the act, and the clerks may disregard this

provision when other provisions
of the Act have been complied with.

Yours very truly,

WILL WILSON
Attorney General of Texas

By ~~Iola B. Wilcox~~

Iola B. Wilcox
Assistant

IW:mg:ms

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Ralph Rash
W. Ray Scruggs
Robert H. Walls
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore