**STATE ex rel. Catherine GRAY and Janet Nelson, on behalf of themselves and the membership of the Tenants Organization concerned about Audobon Park, (TOCAAP), and Harry O. Eads, III, on behalf of himself, Respondents,**

v.

**James BRIGHAM, Building Commissioner of the City of Brentwood, Appellant.**

**No. 43485.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 11, 1981.

Paul E. Fitzsimmons, Clayton, for appellant.

Kayla Vaughan, St. Louis, for respondents.

CRIST, Presiding Judge.

Appeal from the issuance of a Peremptory Writ of Mandamus. We affirm.

On September 22, 1980, the Circuit Court of St. Louis County issued a Peremptory Writ of Mandamus. This writ ordered the Building Commissioner of the City of Brentwood to allow inspection and copying of all applications for occupancy permits and occupancy permits issued by the City of Brentwood, Missouri. The commissioner appeals alleging that the occupancy permits are not public records within the purview of §§ 109.180, 109.190 and 610.010(4), RSMo. 1978. We disagree.

Public records are defined in § 610.010(4), RSMo. 1978 as "any record retained by or of any governmental body . . . ." Public records are open to inspection under § 109.180, RSMo. 1978 which provides, as follows:

... all state, county and municipal records kept pursuant to statute or ordinance shall at all reasonable times be open for a personal inspection by any citizen of Missouri, . . . .

Commissioner contends the records on occupancy permits are not kept "pursuant to statute or ordinance." We disagree. Section 18–18 of the Brentwood Code of Ordinances requires that an occupancy permit be obtained prior to occupancy of any building within the City of Brentwood. Although the Commissioner is not required by law to keep records on occupancy permits, when such records are maintained, it is "pursuant to statute or ordinance," to-wit: Section 18–18.

Because the City of Brentwood maintains, on file records of all applications for and occupancy permits, these records are public records and fall within the purview of §§ 610.010(4), 109.180 and 109.190, RSMo. 1978. *Disabled Police Veterans Club v. Long*, 279 S.W.2d 220, 222 (Mo.App.1955). Citizens of Missouri have the right to inspect and copy any public record even if there is no apparent "legal interest to be subserved . . . ." *Disabled Police Veterans Club v. Long, supra* at 223; § 610.010, RSMo. 1978; *see, Cohen v. Poelker*, 520 S.W.2d 50, 54 (Mo.1975). This right is, however, exercisable only during business hours and is subject to reasonable rules and conditions imposed by the proper authorities. *Disabled Police Veterans Club v. Long, supra* at 223.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.