Dear Mr. Kirkpatrick:
You have requested our opinion on the following questions:
 (1) Are records of candidates and committees which fail to file reports and records of other potential violations of Chapter 130 RSMo "public records," as such records are created and maintained by the Campaign Reporting Division pursuant to the duties of the Secretary of State under Chapter 130 RSMo?
 (2) Is there any distinction as to "confidentiality" or availability as a "public record" under Chapter 610 RSMo and Chapter 130 RSMo in regard to the types of correspondence, memoranda, and records held by the Secretary of State under circumstances described below? Are letters of reply, records of conversations, and other records relating to these documents also public records?
 -Copies of "non-reporting notices" to filed candidates and registered committees regarding failure to file election or supplemental Committee Disclosure Reports. (See Attachment A) A copy of the letter is sent to the Campaign Finance Review Board at the time of mailing.
 -Copies of "non-reporting notices" to registered committees which have not previously filed a Committee Disclosure Report for an election, but which have been reported as a recipient of contributions or contributor by a candidate or ballot measure committee which has filed reports for the election. (See Attachment B). A copy of the letter is sent to the Campaign Finance Review Board at the time of mailing.
 -Copies of informational "multi-candidate letters" to organizations which may have failed to file reports as "continuing committees" or "political party committees" depending upon the nature and purpose of the organization and the dollar amounts received and expended. Organizations receiving such letters are not registered or reporting committees, but have been reported by a candidate or ballot measure committee as contributing or receiving funds for an election in an amount of above $50. The letter explains committee reporting requirements and the circumstances in which delinquent reports would be due from the organization. (See Attachment C)
 -"Referral" memoranda to the Campaign Finance Review Board listing candidates and committees which have failed to report after receiving a "non-reporting notice" (i.e. Attachments A and B). Such referrals are generally made about thirty days after the date of the "notice." (See Attachments D and E)
 -Memoranda to the Campaign Finance Review Board listing organizations which may have failed to report as committees which previously received a letter explaining committee reporting requirements (i.e. Attachment C). Committees listed in such memoranda have neither filed Committee Disclosure Reports nor responded in writing to the letter. (See Attachment F)
 -Memoranda to the Review Board concerning apparent violations of Chapter 130 RSMo requirements concerning the Reporting Exemption Statement, registration requirements, record keeping or restrictions on financial transactions. (See Attachments G and H)
 -Copies of "deficiency letters" regarding reports and statements filed by candidates and committees which are not "properly completed" or are not filed "as required by law." "Deficiency letters" explain requirements of Chapter 130 RSMo and inform persons filing reports of amendments or other action needed to meet Chapter 130 requirements. (See Attachment I)
 -Copies of certified letters to candidates, regarding their ineligibility to take office under Section 130.071 RSMo. That section provides that a candidate "shall not take office" if the candidate or his committee has failed to file one or more disclosure reports, "until such reports shall have been filed." The letter identifies delinquent reports and explains reports which need to be filed in order for the candidate to meet the eligibility standards of Section 130.071
RSMo. [Emphasis in original.]
 (3) Is there any difference in the status of any records held by the Secretary of State regarding compliance with Chapter 130 RSMo, depending on whether it is before or after an election?
 (4) If all or a portion of "compliance records" held by the Secretary of State are public records, are records of that type open to the public beginning:
 -Upon the effective date of Chapter 130 RSMo on August 13, 1978?
 -Upon amendments to Chapter 610 RSMo effective August 13, 1982?
-Or upon some other date?
Section 130.056, RSMo Supp. 1982, provides in pertinent part:
 1. The secretary of state shall administer the provisions of this chapter and, in connection therewith, shall:
. . .;
 (3) Make the reports and statements filed with him available for public inspection and copying, commencing as soon as practicable but not later than the end of the second day after which a report was received, and permit copying of any such report or statement by hand or by duplicating machine, as requested by any person, at the expense of such person, but no information obtained from such reports and statements shall be sold or utilized by any person for the purpose of soliciting contributions or for any commercial purpose;
 (4) Examine each report and statement filed with his office under the requirements of this chapter to determine if the statements are properly completed and filed within the time required by this chapter;
 (5) Notify a person required to file a report or statement under this chapter with the secretary of state immediately if, upon examination of the official ballot or other circumstances surrounding any election, it appears that the person has failed to file a report or statement as required by law; . . . [Emphasis added.]
It is our understanding that the Secretary of State formed a Campaign Reporting Division to perform the duties described in Section 130.056, RSMo Supp. 1982.
Section 130.061, RSMo 1978, establishes a Campaign Finance Review Board (hereinafter sometimes referred to as "Board"). The Board is assigned to the Secretary of State's Office. However, pursuant to Section 130.061.6, RSMo 1978, the Secretary of State's supervision of the Board "does not extend to substantive matters relating to policies or enforcement functions."
As required by Section 130.056.1, RSMo Supp. 1982, the Secretary of State's Office is responsible for, inter alia, accepting filings from political candidates and political committees and notifying such candidates and committees of their failure to file campaign finance reports and statements in a timely or proper manner. In the event that a candidate or a committee does not respond to a deficiency letter or a non-reporting notice issued by the Campaign Reporting Division, the Division places the name of that candidate or committee on a "referral" memorandum to the Campaign Finance Review Board. The referral memorandum sets forth the Secretary of State's findings as to the nature of the failure of the candidate or committee to meet the requirements of the law. Upon receipt of the memorandum, the Board investigates the findings and reports apparent violations of the Campaign Finance Disclosure Law to the appropriate prosecuting attorney.
Your first and second questions involve the non-reporting notices, deficiency letters, referral memoranda and similar compliance documents which are generated by the Campaign Reporting Division of your office. In this regard, it is our view that Section 130.056.1(3), RSMo Supp. 1982, as quoted above, does not apply in that the reports and statements which are to be made available under that subsection are those filed with the Secretary of State as distinguished from those which are generated by the Secretary of State's Office pursuant to subsections 4 and 5.
For purposes of this opinion, and relating specifically to records retained by the Campaign Reporting Division of the Secretary of State's Office, we believe that the Division is a "public governmental body" as defined in Section 610.010(2), RSMo Supp. 1982. Further, we believe that the documents retained by the Campaign Reporting Division are "public records" as defined in Section610.010(4), RSMo Supp. 1982, and as such, are subject to the provisions of Missouri's Sunshine Law, Section 610.010, et seq., RSMo.
Section 610.015, RSMo 1978, provides in pertinent part:
 Except as provided in section 610.025, and except as otherwise provided by law, . . . public records shall be open to the public for inspection and duplication.
Thus, unless a specific provision of the Campaign Finance Disclosure Law expressly prohibits the disclosure of the Secretary of State's records of candidates and committees which fail to file reports or whose reports are deficient in some way, correspondence, memoranda, notices and other records such as those described in your second question which are held by the Secretary of State pursuant to Chapter 130, RSMo, are "public records" which must be disclosed pursuant to Section 610.015.
Section 130.066(5), RSMo 1978, provides in pertinent part:
 All investigations by the board prior to an election shall be strictly confidential. . . . Details of all investigations shall be confidential with the exception of notification of the complainant or the person under investigation; . . . .
In Opinion Letter No. 142-80, Strong, 1980, we opined that prior to an election the Board's investigation records are not public records, that the Campaign Finance Review Board must hold closed meetings with respect to such investigations, and that the votes of the Board with respect to such investigations are closed votes. In addition, we concluded that details of all investigations of the Board remain confidential after an election as well as prior to the election.
We do not believe that the provisions of Section 130.066(5), which are directed specifically to the Board, apply to the records maintained by your office pursuant to Chapter 130, RSMo. The legislature has expressly provided for public access to the filings of candidates and committees required by Chapter 130. Section130.056.1(3). Whether or not a candidate or committee files a report, or does so properly, pursuant to Chapter 130 or the regulations promulgated thereunder, is readily discoverable by any person who, by virtue of his or her Section 130.056.1(3) right to inspect, wishes to inspect candidate or committee filings record. The authority to investigate violations of the Campaign Finance Disclosure Law is vested in the Board and not in the Division. Section 130.066(5). We do not believe the notice provided the Board, the candidate or committee by the Division constitutes an investigation, contains the fruit of any investigation, or sets out information not otherwise discoverable by the general public pursuant to Section 130.056.1(3). Consequently, we believe that the public may inspect those records enumerated in your second question, pursuant to the rights of access established in this state under Chapter 610.
This view is buttressed by the provisions of Section 28.070, RSMo 1978, which provides as follows:
 The governor and the members of either house of the general assembly, or committees thereof, shall have free access to his [the Secretary of State] office for the inspection and examination of all books, papers, records and proceedings. All public records on file in his office are subject to inspection by any person during regular office hours and when inspection will not interfere with the orderly performance of duties. [Emphasis added.]
In addition, see, State ex rel. Kavanaugh v. Henderson,350 Mo. 968, 169 S.W.2d 389 (1943); State ex rel. Eggers v. Brown,345 Mo. 430, 134 S.W.2d 28 (banc 1939); State ex rel. Conran v. Williams,96 Mo. 13, 8 S.W. 771 (1888); State ex rel. Thomas v. Hoblitzelle,85 Mo. 620 (1885); and Disabled Police Veterans Club v. Long,279 S.W.2d 220 (Mo.App. 1955), which discuss a common law right of access to public records long-recognized in Missouri.
In response to your third question, in Opinion Letter No. 142-80, Strong, 1980, we concluded that investigation information is confidential before an election and that details of an investigation are confidential both before and after an election. Because we do not believe the records of the Campaign Reporting Division constitute an investigation, and having concluded that such records are open to inspection, any distinction between investigation information and details of an investigation, or the timing of their availability for public inspection, vis-a-vis an election, is not relevant. Therefore, we conclude that there is no difference in the status of records held by the Secretary of State's Office depending on whether a request to inspect is made before or after an election.
In response to your fourth question, we note the Campaign Finance Disclosure Law originated as C.C.S.S.C.S.S.B. 839, 1978 Mo. Laws 416, and was effective August 13, 1978. Since the documents collected pursuant to Chapter 130 by the Campaign Reporting Division of your office were first required to be filed with the effective date of the law, August 13, 1978, it is our opinion that the records of the division were open to the public beginning that date.
CONCLUSION
It is the opinion of this office that records of the Campaign Reporting Division of the Secretary of State's Office are open to inspection by the public.
Very truly yours,
 JOHN ASHCROFT Attorney General