Dear Senator Murphy:
This letter is in response to your question asking whether the medical records of an individual retained by a public governmental body, as defined in Section 610.010(2), RSMo Supp. 1983, are open to inspection under the Sunshine Law, Chapter 610, RSMo 1978 Supp. 1983.[1]
Section 610.015, RSMo 1978, states in part: "Except as provided in section 610.025, and except as otherwise provided by law, . . . public records shall be open to the public for inspection and duplication." Section 610.010(4), RSMo Supp. 1983, defines the term "public record" as "any record retained by or of any public governmental body including . . .;". Section 610.010(2), RSMo Supp. 1983, defines the term "public governmental body".
Medical records retained by a "public governmental body" are "public records" for purposes of the Sunshine Law, and a public right of access exists with regard to them, "[e]xcept as provided in Section 610.025, and except as otherwise provided by law, . . .". Section 610.015, RSMo 1978.
 A. Section 610.025, RSMo Supp. 1983
Section 610.025.3, RSMo Supp. 1983, states in part: "Any nonjudicial mental health proceedings and proceedings involving physical health, . . . may be a closed meeting, closed record, or closed vote." (Emphasis added.) The above-quoted statutory language clearly shows that proceedings involving physical health may be closed, but does not state that records involving physical health may be closed. However, in Wilson v. McNeal, 575 S.W.2d 802, 810 (Mo.App. 1978), the court indicated that records of a closed personnel meeting are closed, even if the Sunshine Law does not specifically make personnel records close The reasoning being if a meeting is closed, records of that meeting are also closed.
A like situation exists with respect to proceedings involving physical health. If a proceeding involving physical health may be closed, then records of that proceeding may also be closed. Any time a public governmental body wishes to close a record pursuant to Section 610.025, RSMo Supp. 1983, it must conduct a proceeding to authorize such closure. See Section 610.025.5, RSMo Supp. 1983. Thus, medical records may be closed pursuant to Section 610.025.3, RSMo Supp. 1983, after the public governmental body involved votes to close such records pursuant to Section 610.025.5, RSMo Supp. 1983.
 B. Otherwise Provided By Law
According to Section 610.015, RSMo 1978, public records are open, unless, inter alia, it is otherwise provided by law. The "otherwise provided by law" exception to Section 610.015, RSMo 1978, is not subject to the voting and other requirements of Section 610.025.5, RSMo Supp. 1983.
In Opinion Letter No. 11-84 (copy enclosed), this office noted that in Hyde v. City of Columbia, 637 S.W.2d 251 (Mo.App. 1982),cert. denied, ___ U.S. ___, 103 S. Ct. 1233 (1983), the court began to expand the "otherwise provided by law" category of records by indicating that records are closed if the individual named in such could maintain a common law tort or other action for the disclosure of the contents of the record. Cf. Disabled Police Veterans Club v. Long,279 S.W.2d 220, 223 (Mo.App. 1955) (indicating the existence of a "public policy" exception to the common law right of access to public records).
McNally v. Pulitzer Publishing Company, 532 F.2d 69 (8th Cir. 1976), cert. denied, 429 U.S. 855 (1976), discusses various theories of liability for the public disclosure of private information.
Accordingly, we conclude that medical records are closed, regardless of compliance with Section 610.025.5, RSMo Supp. 1983, if the disclosure of such records would give rise to a claim for such disclosure.
We conclude that:
(1) The medical records of individuals retained by a public governmental body are closed under Section 610.025.3, RSMo Supp. 1983, if a proceeding to close such is conducted pursuant to Section610.025.5, RSMo Supp. 1983; and
(2) the medical records of individuals retained by a public governmental body are closed, regardless of compliance with Section610.025.5, RSMo Supp. 1983, if the disclosure of the contents of such records gives rise to a common law tort or other action.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion Letter No. 11-84
[1] In addition to the Sunshine Law, Chapter 610, RSMo 1978 and Supp. 1983, public access to public records is recognized by Sections109.180 and 109.190, RSMo 1978, and Missouri common law, e.g., DisabledPolice Veterans Club v. Long, 279 S.W.2d 220 (Mo.App. 1955). We find it unnecessary to analyze these rights of access, because the question asked deals only with the Sunshine Law.