Nita Sue **WILLIAMS** et al., Appellants,

v.

The **BOARD OF TRUSTEES OF the PUBLIC SCHOOL RETIREMENT SYSTEM OF MISSOURI, G. L. Donahoe, Executive Secretary, Respondent.**

No. KCD 26050.

Missouri Court of Appeals,
Kansas City District.

July 23, 1973.

Motion for Rehearing and/or Transfer
Denied Sept. 4, 1973.

Application to Transfer Denied
Nov. 12, 1973.

John C. Thurlo, and Michael H. Maher, Kansas City, for appellants; Swanson, Midgley, Eager, Gangwere & Thurlo, Kansas City, of counsel.

John C. Danforth, Atty. Gen., and B. J. Jones, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., PRITCHARD and SOMERVILLE, JJ., and DONALD B. CLARK, Special Judge.

PRITCHARD, Judge.

This is a suit brought on July 9, 1971, by appellants to establish their entitlement or right to survivor benefits under the Public School Retirement System of Missouri, in which their mother, Harriet Rollins Williams, deceased, who, as pleaded, had been a member in good standing for a period in excess of two years at the time of her death (October 15, 1968). It is pleaded also in Count I of the petition that appellants, survivors and dependent children of Mrs. Williams, and who are all minors, have these birthdates: Nita Sue Williams, September 10, 1954; Mary Lou Williams, February 10, 1956; Paul Rollins Williams, December 17, 1957; and Karen Lynn Williams, January 16, 1961. Paul E. Williams is the father of appellants, their natural guardian, and is acting as their next friend herein. Under the laws of Missouri appellants are entitled to $150.00 each per month from the date of their mother's death until they reach ages 18 years, or 22 years, if they are full time students, with a monthly total limit of $500.00 from the Public School Retirement System, for which they pray judgment. Count II is for an order to respondent to pay appellants those sums due them, on a monthly basis as provided in Chapter 169, RSMo 1969, V.A.M.S. All statutory references are to RSMo 1969, V.A.M.S., after amendments, Laws 1967, p. 250 et seq., but before amendments in 1972. Count III was for punitive damages, but that claim was abandoned in the briefs and in oral argument by appellants.

It is stipulated: Harriet Rollins Williams died prior to retirement in October, 1968, at the age of 45 years, having had in excess of two years creditable service in a district included in the retirement system (Sec. 169.075, infra). She had designated her husband, Paul E. Williams, as her primary beneficiary, a daughter, Nita Sue, as first contingent beneficiary, and another daughter, Mary Lou, as second contingent beneficiary. Her third daughter, Karen Lynn, and her son, Paul Rollins, were not designated as beneficiaries. Paul E. Williams had not attained age 65, and was not receiving at least one-half of his support from Mrs. Williams, and he did not and has not filed with respondent any proof of receiving at least one-half of his support from her. After Mrs. Williams' death, Paul E. Williams informed respondent of that fact and made a claim on appellants' behalf for survivors benefits as the unmarried children of their mother. On December 2, 1969, respondent advised them of the denial of the claim, and on April 4, 1970, it sent Paul E. Williams a check for $1,028.56 representing a refund of Mrs. Williams' contributions to the retirement system. Suit was first filed in Pike County, Missouri, but was dismissed because of improper venue. All facts as stipulated were presented to the Circuit Court of Cole County.

In its motion to dismiss, respondent set forth as grounds that the trial court did not have jurisdiction of the suit because appellants had not exhausted their statutory remedy for obtaining judicial review under Subsection 15 of Sec. 169.020, RSMo 1969, V.A.M.S., and that Counts I and II failed to state a claim upon which relief can be granted. The court ordered: "Defendant's Motion to Dismiss sustained. Plaintiffs' Petition is hereby dismissed."

The parties join the issue here as to whether Sec. 169.020, Subsection 15, provides the exclusive means of obtaining judicial review of the denial of their claim by respondent. The statute provides, "The board of trustees shall determine and decide all questions of doubt as to what constitutes employment within the meaning of Sections 169.010 to 169.130, the amount of benefits to be paid to *teachers* and *employees* and the amount of contributions to be paid by employer and employee." Notification of the decision shall be given by registered mail to both employer and *employee*. Within 30 days after notification, any *teacher* or *employee,* district or employer may appeal to the circuit court of the county where services of the *teacher* or *employee* were or are being performed, where the appeal shall be tried and determined anew. (Italics added.) Throughout the subdivision of the statute, only teachers, employees, districts or employers are mentioned as the class of persons or organizations as being entitled to judicial review. Beneficiaries or survivors of a deceased teacher or employee are not mentioned. It follows that State ex rel. Lambert v. O'Malley, 234 Mo.App. 773, 121 S. W.2d 228 (Mo.App.1938), controls in its holding that there was jurisdiction in the Circuit Court in an original action against the board of trustees of the Police Retirement System for accidental disability retirement allowances where the Police Retirement Pension Act was silent as to the question of right of appeal by claimant after the board denied the allowances. [See State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68, 70 (1949), noting that the 1939 Amendment to the Act vested the board with original jurisdiction over all claims under the Act, with review of its decisions by the common law writ of certiorari. Since 1946 review of contested cases has been provided under the Administrative Procedure Act, now Sec. 536.110, RSMo 1969, V.A.M.S.] There was no obligation upon respondent under Sec. 169.-020, Subd. 15, to hold a hearing as to the "legal rights, duties or privileges" of appellants (or even as to the rights of a named beneficiary of a deceased teacher) because they are not named in that statute, and thus this case cannot be deemed a "contested" case within the definition of Sec. 536.-010 as would require an appeal to be perfected from any ruling of the respondent within 30 days under Sec. 536.110. Appellants have properly conceived their remedy to be that of "other appropriate action" under Sec. 536.150, and therefore the trial court did have jurisdiction of the suit.

The resolution of appellants' claim to survivor benefits turns principally upon the construction to be accorded certain sections of Chapter 169, RSMo 1969, V.A.M.S. The respondent contends that Sec. 169.070, Subd. 5, is applicable and is effective to cut off appellants' rights of election under Sec. 169.075, Subd. 3, because the husband, Paul E. Williams, was the surviving designated primary beneficiary, was the only party entitled to receive retirement benefits, was not eligible to make an election, and his rights were determined under Sec. 169.070, Subd. 5. It is further contended by respondent that Paul E. Williams' right to make an election as the surviving designated beneficiary was personal to him, and he had no authority to waive or transfer his rights in order that appellants could elect under Sec. 169.075, subd. 3.

Section 169.070, Subd. 5, provides: "If a member dies before receiving a retirement allowance, his accumulated contributions at the time of his death shall be paid to his beneficiary; or to his estate, if there be no beneficiary, * * *."

Section 169.075 provides for elections of monthly allowances by the surviving spouse or dependents in lieu of the return of contributions. It begins: "Certain survivors specified in *this* section *and meeting the requirements hereof* may elect to forfeit any payments payable under subsections 4 or 5 of section 169.070 and to receive certain other benefits described in subdivisions (1) and (4) of this section

upon the death of a member prior to retirement, except retirement with disability benefits, whose period of creditable service in districts included in the retirement system is two years or more and who dies * * *." (Italics added.) Subdivision (1) of the statute provides that upon such election by a surviving male spouse 65 years or attainment of that age, or a surviving female spouse 60 years old or attainment of that age if designated as the sole beneficiary, if married to the member at least 3 years, and living with him at the time of his death, not subsequently remarried, shall be entitled to $200.00 per month until death or remarriage; *"provided, however, that a surviving male spouse shall be entitled to elect or receive this benefit only if at the time of the member's death he was receiving at least one-half of his support from such member, and provided he files proof of such support within two years of such death. * * *."* (Italics added.)

Subdivision (3) of Sec. 169.075, under which appellants claim benefits provides: "Upon such election if there is no survivor entitled to benefits under subdivision (1) or (2) of this section or automatically upon the death of a surviving spouse receiving benefits under subdivision (2) of this section, each surviving dependent unmarried child, including a stepchild or adopted child, of the deceased member, under eighteen years of age or such a child under age twenty-two if the child is enrolled in school on a full-time basis * * * whichever first shall occur, * * * shall be entitled to one hundred fifty dollars per month, until death, marriage, adoption, or recovery from the disability, whichever first shall occur; provided, however, that the total of all monthly payments to the surviving dependent unmarried children shall in no event exceed five hundred dollars."

■ Clearly, Mrs. Williams' spouse, Paul E. Williams, was not entitled to survivor's benefits, under subdivision (1) of Sec. 169.075, because he had not been re-

ceiving at least one-half of his support from her at the time of her death under the proviso. It there had been no surviving dependent children of her, all that Paul E. Williams could receive was payment of all her accumulated contributions as designated beneficiary, and he had no right of election under Sec. 169.075. Under a liberal construction of Chapter 169, so as to effect the clear legislative purpose that teachers and their surviving dependents have the pecuniary benefits thereunder, 78 C.J.S., Schools and School Districts, § 231 c., p. 1175; 60 Am.Jur.2d, Pensions and Retirement Funds, Sec. 4, p. 881; "It is a general and well recognized rule that pension provisions shall be liberally construed in favor of the applicant." Gibson v. City of San Diego, 25 Cal.2d 930, 156 P.2d 737, 740 [5] (1945); Wicktor v. County of Los Angeles, 177 Cal.App.2d 390, 2 Cal.Rptr. 352, 358 (1960), it would follow that appellants are entitled to the election to receive survivors benefits under subdivision (3) of Sec. 169.075, since Paul E. Williams is by the terms of that section excluded. Any other construction would thwart the legislative purpose. In the factual situation presented, it could not have been intended that Paul E. Williams could not waive or renounce his right to receive the accumulated contributions of Mrs. Williams in favor of her minor, unmarried and dependent children. Chapter 169 is silent on the matter of the right of a named beneficiary to renounce the refund benefits. [It is not necessary to decide whether a surviving spouse may cut off benefits to surviving dependent children by accepting refund benefits.] Since the statute neither directs, authorizes nor prohibits a renunciation, it follows that Paul E. Williams may do so in favor of the minor dependent children. The children, appellants here, have by the terms of Sec. 169.075 the right of election, being "Certain survivors" specified therein, "and meeting the requirements thereof."

■ Respondent contends that appellants were not "dependent" within the

meaning and purpose of Sec. 169.075. The term "dependent" is not defined in Chapter 169, except for the requirement that a surviving male spouse shall have received at least one-half of his support from a deceased member at the time of her death. Respondent says it has been its long time policy, following the directive of Subdivision 5 of 169.075, "* * * [A]nd be it further provided that the board of trustees shall determine and decide all questions of doubt as to what constitutes dependency within the meaning of this section.", to require a one-half support to constitute "dependency" at the time of a member's death. There is no evidence here, or stipulation as to that policy. The issue of appellants' dependency upon Mrs. Williams, although inferentially at least being admitted for the purposes of respondent's motion to dismiss, has not been factually and judicially determined.

The judgment is reversed and the case remanded with directions to reinstate appellants' petition and for further proceedings in connection with the issue of their dependency for support upon their mother, Harriet Rollins Williams, deceased.

All concur.