Mr. Warren M. Black Executive Secretary Public School Retirement System Post Office Box 268 Jefferson City, Missouri 65101
Dear Mr. Black:
This opinion is in response to your question asking as follows:
 "Under the provisions of Section 169.070
RSMo as amended by HB 477, 79th General Assembly:
 (1) May a member with 25 years of creditable service, but less than 60 years of age, retire and begin drawing an actuarially reduced retirement allowance?
 (2) May the spouse of a member who dies before retirement with 25 years of creditable service, if named as beneficiary, elect to receive Option I benefits in lieu of a refund of contributions or a survivor's benefit?"
We note first of all that House Bill 477 has been approved by the Governor and is effective September 28, 1977.
In order to illustrate the pertinent changes which were made by House Bill 477, we quote from the perfected version of the bill, which shows the matter enclosed in brackets which was omitted from the law, and the matter underscored which was added to the law.
Section 169.060, reads in pertinent part:
 "2. On and after the first day of July next following the operative date, any member who is sixty or more years of age, and whose creditable service is five years or more, or any member whose creditable service is thirty years or more and that member has obtained fifty-five years of age, may retire upon written application to the board of trustees and receive the full retirement benefits based on his creditable service. [On and after the same date any member whose creditable service is thirty years or more and whose age is less than sixty, may retire at a reduced benefit upon written application to the board of trustees.]"
Section 169.070, reads in pertinent part:
 "3. In lieu of the retirement allowance provided either in subsection 1 or in subsection 2, a member whose age at retirement is sixty years or more or whose creditable service is [thirty] twenty-five years or more may elect in his application for retirement to receive the actuarial equivalent of his retirement allowance in reduced monthly payments for life during retirement with the provision that
 Option 1. Upon his death the reduced retirement allowance shall be continued throughout the life of and paid to such person as has an insurable interest in the life of the member and as the member shall have nominated in his election of the option
OR
 Option 2. Upon his death one-half the reduced retirement allowance shall be continued throughout the life of and paid to such person as has an insurable interest in the life of the member and as the member shall have nominated in his election of the option.
 The election of option may be made only in the application for retirement and such application must be filed prior to the date on which the retirement of the member is to be effective; provided, that if either the member or the person nominated to receive the survivorship payments dies before the effective date of retirement, the option shall not be effective, except that if the member dies after attaining age sixty or after acquiring [thirty] twenty-five or more years of creditable service and before retirement, his spouse, if named as his beneficiary, may elect to receive either survivorship benefits under option 1 or a payment of his accumulated contributions.
 "[4. The retirement allowance of a member for early retirement whose age at retirement is less than sixty, and whose creditable service is thirty years or more shall be the actuarial equivalent of the allowance to which his creditable service would entitle him if his age were sixty.]"
The resulting context is the same as it presently appears in the truly agreed to and finally passed bill.
It is our view that subsection 3 of Section 169.070 clearly shows a legislative intent that a member whose creditable service is twenty-five years or more may elect in his application for retirement to receive the actuarial equivalent of his retirement allowance in reduced monthly payments for life and that if such a member dies after acquiring twenty-five or more years of creditable service before retirement, his spouse, if named ashis beneficiary, may elect to receive either survivorship benefits under option 1 or a payment of the member's accumulated contributions. While it would have been better draftmanship for similar appropriate changes to have been made in Section 169.060
with respect to retirement of a member whose creditable service is twenty-five years or more to retire at reduced benefits upon written application to the board of trustees, we do not believe that such an omission negates the substantive changes made in subsection 3 of Section 169.070. In order to give proper effect to the legislative intent, subsection 3 of Section 169.070 must be read as giving a substantive right to those who have creditable service of twenty-five years or more to retire at reduced benefits as provided therein, and to permit such member to name his spouse as beneficiary authorizing the spouse to elect to receive either the survivorship benefits under option 1 or a payment of the member's accumulated contributions.
We believe the above answers your first question. The second question requires the determination of the effect of the failure of the legislature to amend a portion of Section 169.075, RSMo Supp. 1975, relating to survivor's benefits. That is, the pertinent portion of Section 169.075, which the legislature did not amend, provides:
 ". . . If the member's death occurs after age sixty or with thirty or more years of creditable service and before retirement, the spouse may elect, in lieu of the benefit described in this subdivision, to receive a retirement allowance computed as the joint survivor allowance designated as option 1 in subsection 3 of section 169.070 in the amount which would have been payable if the member had retired as of the date of death and at the time selected the option 1."
The question thus is whether the language of Section 169.075, which may appear to conflict with those portions of House Bill 477, which we have quoted, nullifies such conflicting provisions. House Bill 477 is, of course, the last legislative statement on the subject and therefore its plain language controls over any other conflicting provisions such as the provision cited from Section 169.075.
In construing statutes we must proceed upon the theory that the legislature intended something by the amendment to the statute. St. Charles Building Loan Ass'n v. Webb, 229 S.W.2d 577
(Mo. 1950). Thus, where the spouse has been designated as the beneficiary under subsection 3 of Section 169.070 of House Bill 477, the spouse may elect to receive either survivorship benefits under option 1 of such section or a payment of a member's accumulated contributions despite the quoted provisions of Section 169.075, which may indicate the contrary. Additionally, this interpretation appears to be consistent with the rule of construction in Williams v. Board of Trustees of the Public SchoolRetirement System, 500 S.W.2d 31 (K.C.Mo.App. 1973) in which the court stated that it is a recognized rule of construction that pension provisions shall be liberally construed in favor of the applicant.
Therefore, in answer to your second question, to the extent that there is any conflict between a provision of Section 169.075
and the quoted provisions of Section 169.070, as amended, the latter controls.
CONCLUSION
It is the opinion of this office that under the provisions of House Bill 477 of the 79th General Assembly, effective September 28, 1977, amending Section 169.070, RSMo Supp. 1975, a member of the Public School Retirement System of Missouri with twenty-five years of creditable service, but less than sixty years of age, may retire and draw an actuarially reduced retirement allowance and the spouse named as beneficiary of a member who dies before retirement with twenty-five years of creditable service may elect to receive either survivorship benefits under option 1 of Section 169.070 as amended or a payment of the member's accumulated contributions.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General