Dear Ms. Hackwood:
This opinion is in response to a request by your predecessor, Al F. Holmes, Jr., which reads as follows:
 Can the Board of Trustees of the Missouri State Employees' Retirement System make a lump sum payment to former court reporters who, by court order, were admitted to membership in the Retirement System in 1974 and were afforded immediate retirement benefits retroactive to a date of retirement which was prior to September 1, 1972? The total of retroactive retirement benefits was diminished by the contributions the reporter would have made had he been a member during his employment.
In Hawkins v. Missouri State Employees' Retirement System,487 S.W.2d 580 (Mo.App. 1972), it was held that court reporters were entitled to participate in the Missouri State Employees' Retirement System and were entitled to receive prior membership credit. Thereafter, in State ex rel. Utrup v. Missouri StateEmployees' Retirement System, No. 26414, Circuit Court of Cole County, a suit was brought by court reporters who retired before the decision in Hawkins became final seeking retroactive retirement benefits. The circuit court ruled in favor of the court reporters and no appeal was taken.
Prior to September 1, 1972, members of the retirement system were required to contribute a portion of their compensation to the retirement fund. In 1972 the legislature enacted Section 104.372, RSMo 1978, which made the retirement fund non-contributory after August 31, 1972, with exceptions not relevant here, and further provided that a member retiring after August 31, 1972, would be entitled to receive payment of an amount equal to his accumulated contributions and credited interest to the date of his retirement. However, no provision for refund was made for members who retired before September 1, 1972.
Therefore, when calculating the retroactive benefits payable to court reporters who retired before September 1, 1972, to comply with the decision in Utrup, the retirement board deducted therefrom an amount equal to the contributions that the court reporters would have paid had they been allowed to participate in the retirement system prior to their retirement.
In 1979 the General Assembly enacted Section 104.373 (Laws of Missouri, 1979, p. 289), which was recently repealed and reenacted, with minor changes, as Section 104.367, RSMo Supp. 1981, effective May 12, 1981. Subsection 1 of Section 104.367 states in relevant part:
 Any member who is receiving retirement benefits on or after September 1, 1979, and who has not received a lump sum payment equal to the sum total of the contributions that member paid into the retirement system, plus the interest credited, to the member's account, during the member's years of employment, shall receive, upon application to the board as provided in this section, a lump sum payment of such amount, plus four and one-half percent per annum interest on such sum from the date of retirement to the date of such payment. . . . [emphasis added.]
Pension provisions are to be liberally construed in favor of the member. Williams v. Board of Trustees of Public School RetirementSystem of Missouri, 500 S.W.2d 31, 34 (Mo.App. 1973). Applying the rationale in Hawkins, we believe that contributions which were deducted when calculating the retroactive benefits payable to court reporters who retired prior to September 1, 1972, pursuant to the judgment in Utrup, would be deemed as constructively "paid into the retirement system . . . during the member's years of employment" within the meaning of Section 104.367.1.
Therefore, it is our opinion that a former court reporter who retired before September 1, 1972, and whose retroactive retirement benefits were reduced by the amount of contributions he would have paid into the system during his years of employment, is entitled to receive a lump sum payment equal to the amount of such deduction upon application made pursuant to Section 104.367, RSMo Supp. 1981.
Very truly yours,
 JOHN ASHCROFT Attorney General